George HIGHT, Petitioner,

v.

The STATE of Texas, Respondent.

No. B–3137.

Supreme Court of Texas.

July 12, 1972.

Green & Richardson, Harry C. Green, Texas City, for petitioner.

Jules Damiani, Jr., Dist. Atty., Ron Wilson and Louise C. Rowen, Asst. Dist. Attys., Galveston, for respondent.

## ON REHEARING

### PER CURIAM.

On July 2, 1971 the State filed a petition to declare George Hight a juvenile delinquent, based on certain criminal acts alleged to have taken place on June 27, 1971. George Hight was born on September 23, 1954; thus, he was sixteen years old and therefore subject to juvenile delinquency proceedings when the offenses occurred and when the State sought to have him declared a delinquent. Article 2338–1, Sec. 3–5, Vernon's Ann.Tex.Civ.Stat. The State abandoned its efforts to have him adjudicated a delinquent and then sought to have the juvenile court waive its exclusive jurisdiction over this minor in order that the Grand Jury could indict him for the criminal offenses. After a hearing as required by Article 2338–1, Sec. 6, Vernon's Ann. Tex.Civ.Stat., the juvenile judge waived jurisdiction over George Hight on August 18, 1971.

George Hight appealed the waiver order to the Court of Civil Appeals claiming error in the waiver proceeding. That court refused to consider the merits of the case but took notice of the fact that George Hight had reached age seventeen and that the juvenile court had lost jurisdiction. This loss of jurisdiction was said by the court to make the case moot, and following established Texas procedure, set aside all previous orders. Tex.Civ.App., 473 S.W.2d 348. We disagree with this reasoning. The single fact of his reaching age seventeen has nothing to do with whether the case is moot; the loss of jurisdiction in the juvenile court only prevents a remand if the case is reversed. See Carrillo v. State, 480 S.W.2d 612 (Tex. 1972). We do agree, however, with the judgment of the Court of Civil Appeals but for a different reason. An affidavit by the District Attorney advised this Court that George Hight became seventeen years of age in September 1971; that the Grand Jury did not meet until October 1971; that the Grand Jury handed down its indictment in November 1971. It is thus apparent that the waiver order was not relied upon by the Grand Jury, and this case is therefore moot.

No judgment we could render concerning the waiver order would in any way affect anyone's rights. The waiver order did not serve as a predicate to the indictment by the Grand Jury, and no stigma attached to George Hight because he was never adjudged by the juvenile court to have committed any offense.

The motion for rehearing is therefore overruled.