Rudy A. MORENO, Appellant,

v.

The STATE of Texas, Appellee.

No. 757.

Court of Civil Appeals of Texas,
Tyler.

May 9, 1974.

Rehearing Denied June 6, 1974.

Tom P. Senff, Nacogdoches, Holt & Tatum, Paul Tatum, Guardian Ad Litem, Court Appointed Atty., for appellant.

David D. Adams, Dist. Atty., Nacogdoches, for appellee.

MOORE, Justice.

This is a proceeding by the State against appellant Rudy A. Moreno, age 16, instituted by the State of Texas under the provisions of Article 2338–1, Vernon's Ann.Civ. Stat., known as the Juvenile Delinquency Act, charging appellant with murder. The State abandoned its effort to have appellant adjudicated a delinquent and then sought to have the court waive juvenile jurisdiction in order that the Grand Jury could indict him for the criminal offense. Upon a hearing before the Juvenile Court, sitting without a jury, judgment was rendered granting the State's motion to waive jurisdiction of the Juvenile Court and transfer the juvenile to the District Court to be indicted and tried as an adult. From this judgment appellant Rudy A. Moreno appeals.

The record shows that Rudy Moreno was born on October 23, 1955, and was sixteen years of age at the time he was alleged to have committed the offense of murder on March 10, 1972. Petition for delinquency was filed in the Juvenile Court on March 15, 1972. The motion to waive jurisdiction of the Juvenile Court and to transfer the case to the District Court was filed on March 17th, 1972. The Juvenile Court appointed an attorney and a guardian ad litem was appointed for appellant on March 15, 1972. In accordance with the statute, the court on March 17, 1972, ordered a complete diagnostic study and psychiatric examination of appellant. The study was made and a report of the findings was filed with the court. The judgment waiving juvenile jurisdiction was entered on July 18, 1972. The present appeal was filed by appellant in the Court of Civil Appeals on November 26, 1973. Appellant became seventeen years of age on October 23, 1972. The record fails to reveal whether or not appellant was ever indicted by the Grand Jury.

The hearings on the motion to waive juvenile jurisdiction were held on April 27, 1972, and July 14, 1972.

Appellant asserts in his first point of error that the trial court erred in overruling his objection to the written report of the psychiatric examination and allowing the same to be introduced in evidence. In this connection he contends that since his guardian ad litem was not present at the time the court ordered the diagnostic study, the report was not admissible upon the waiver hearing. The record reveals that on March 17, 1972, appellant was brought before the Judge of the Juvenile Court, accompanied by his attorney, whereupon the court ordered him to undergo a complete psychiatric examination and diagnosis by the staff of the Rusk State Hospital. The guardian ad litem for appellant was not notified and was not present when the examination was so ordered. Appellant argues that because of the absence of

his guardian ad litem at the time the court ordered the examination, he was denied the advice of his guardian ad litem and was thereby denied due process.

Section 6(a) of the Juvenile Delinquency Act provides that if a child is charged with a felony and was fifteen years of age or older at the time of the alleged commission of the offense, the Juvenile Court may waive jurisdiction and transfer the child to the appropriate district court for criminal proceedings. Section 6(c) provides that the juvenile court shall conduct an informal hearing on the issue of waiver of jurisdiction. Section 6(d) of the act provides that prior to the hearing on the issue of waiver, "the juvenile court shall order and obtain a complete diagnostic study, social evaluation, and full investigation of the child, his circumstances, and the circumstances of the alleged offense."

■ Appellant's sole complaint under this point is that he was denied due process in that his guardian ad litem was not present at the time the court performed the perfunctory task of entering the order required by Section 6(d). The point is without merit and is overruled. Section 6(d) is mandatory. Nowhere does the statute provide for an advisory proceeding prior to the issuance of an order for a diagnostic study. The trial court had no discretion in the matter and would not be authorized to refuse to enter the order. Since the statute is mandatory and no adversary proceeding was required, we fail to see how the absence of appellant's guardian ad litem at the time the court entered the order required by the statute could have amounted to a denial of due process of law.

By his second point appellant contends that the trial court erred in admitting into evidence the written psychiatric report on the ground that a part thereof was based on hearsay. The record shows that during the course of the hearing on the issue of waiver of juvenile jurisdiction, the State offered into evidence a psychiatric diagnostic report prepared by J. L. Landrum, a clinical psychologist at the Rusk State Hospital. Appellant did not object to the report as a whole on the grounds of hearsay, but confined his hearsay objection to the part thereof containing a statement as to the age of appellant.

■ Evidence as to age is generally admissible as an exception to hearsay rule. McCormick and Ray, Texas Law of Evidence, 2d Ed. sec. 1323. But even though the ruling could be considered erroneous, we fail to see how the error, if any, could have resulted in any harm to appellant. The record reveals that a certified copy of appellant's birth certificate was subsequently offered in evidence. The general rule is that if there is sufficient evidence to support the court's judgment without the aid of inadmissible testimony, it will be presumed that the court disregarded the same in rendering its judgment. In re Brown, 201 S.W.2d 844 (Tex.Civ.App., Waco, 1947, writ ref'd, n. r. e.); Johnson v. State, 428 S.W.2d 347 (Tex.Cr.App., 1968); Reasoner v. State, 463 S.W.2d 55 (Tex.Civ.App., Houston, 1971, writ ref'd, n. r. e.). We must presume the court did not rely on the psychiatric diagnostic report for the age of the appellant since the record shows competent proof of appellant's age by way of his birth certificate. Appellant's second point is overruled.

Under his third point, the appellant contends the trial court erred in allowing testimony showing that after his arrest he made an oral confession of the murder. He does not contend that he was not properly warned, nor does he argue that the oral confession was not sufficient proof of the offense. His argument is that since he was under arrest and out of the presence of his parents at the time the warning was given, he cannot be held to have made an intelligent waiver of his right against self-incrimination and therefore his confession should not have been used against him.

■■ The Texas courts have held that the single fact that a child falls within the age limits which the law classifies as a ju-

venile, does not prevent a waiver by the child of his constitutional rights. In re Garcia, 443 S.W.2d 594 (Tex.Civ.App., El Paso, 1969, n. w. h.); Forder v. State, 456 S.W.2d 378 (Tex.Cr.App., 1970); Garza v. State, 469 S.W.2d 169 (Tex.Cr.App., 1971). It is the totality of the circumstances which must be considered in determining whether a juvenile has intelligently waived his privileges against self-incrimination. See In re Garcia, supra.

The record reveals that Rudy was sixteen years of age when he confessed to the murder of George Ott. Prior to giving the confession, he received two statutory warnings, once by a Texas Ranger and another by a magistrate. On both occasions the warnings were given in simple language to avoid any confusion by a juvenile under interrogation. The record further shows that appellant and his mother were given a statutory warning at their home immediately before appellant produced certain articles of personal property taken from the deceased. According to the psychiatric diagnostic reports he had no physical or mental disability which would have prevented his understanding and appreciating the warnings. Rather, the report shows that Rudy is of average intelligence and more socially mature than the average male child in his age group.

█ After a careful review of the entire record, we fail to find anything which would suggest that appellant's waiver of his right against self-incrimination was not intelligently made. There is nothing to show he was compelled to make the confession, nor does the record reflect he was suffering any functional psychosis or other diagnosable mental illness. The diagnostic study shows that he knew the difference between right and wrong and was of average intelligence. We think the evidence was sufficient to show appellant intelligently waived his right to remain silent, and as a consequence, the confession was properly admitted in evidence.

By his fifth and final point appellant contends Section 6 of the Act is in violation of the United States Constitution because directions given the trial judge in determining the issue of waiver are vague and indefinite. Section 6(g) reads as follows: "(g) After full investigation and hearing the juvenile court shall retain jurisdiction of the case unless it determines that, because of the seriousness of the offense or the background of the offender, the welfare of the community requires criminal proceedings." Section 6(h) provides: "(h) in making the determination under Subsection (g) of this section, the court shall consider, among other matters: (1) whether the alleged offense was against person or property, with greater weight in favor of waiver given to offenses against the person; (2) whether the alleged offense was committed in an aggressive and premeditated manner; (3) whether there is evidence upon which a grand jury may be expected to return an indictment; (4) the sophistication and maturity of the child; (5) the record and previous history of the child; (6) the prospects of adequate protection of the public and the likelihood of reasonable rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court."

█ The foregoing statutory provisions are substantially the same as those suggested by the United States Supreme Court in Kent v. United States, 383 U.S. 541, 86 S. Ct. 1045, 16 L.Ed.2d 84 (1966). On the basis of the foregoing case, we hold that the provisions of Section 6(g) and (h) of the statute are sufficient to meet the requirements of due process.

The judgment of the trial court is affirmed.