532 S.W.2d 645 (1975)
R. E. M., Appellant,
v.
The STATE of Texas, Appellee.
No. 15388.
Court of Civil Appeals of Texas, San Antonio.
May 30, 1975.
Rehearing Denied December 3, 1975.
*646 Phill Picket, San Antonio, for appellant.
Ted Butler, Dist. Atty., Lawrence Linnartz, Douglas C. Young, Asst. Dist. Attys., San Antonio, for appellee.
CADENA, Justice.
Appellant here assails the order of the juvenile court of Bexar County certifying him for trial as an adult and transferring the case to the criminal district court.
Appellant was born on April 17, 1957. On April 19, 1974, when appellant was 17 years of age, a petition seeking a declaration that appellant was a delinquent child was filed by the district attorney. The petition alleged that on April 8, 1974, at which time appellant was under the age of 17, appellant "intentionally and knowingly caused the death of Leonard G. Sella by shooting the said Leonard G. Sella with a pistol." The petition alleged that the crime charged was a felony under Section 19.02, Tex.Penal Code Ann. (1974).
On April 19, 1974, Hon. James E. Barlow, sitting as juvenile judge, entered an order that Richard Moreno "make a complete diagnostic study, social evaluation, and full investigation of the child, his circumstances and the circumstances of the alleged offense and that said report be filed in the papers of this cause." The order recited that appellant was above the age of 15 at the time of the commission of the alleged felony, and that the order was entered because it appeared to the court that "because of the seriousness of the offense and the background of the offender, the welfare of the community may require Criminal Proceeding;...."
On April 22, 1974, appellant filed a "motion in limine" alleging that the order for diagnostic study constituted "a deprivation of the rights of the child under the" federal and state constitutions. The motion alleged *647 that appellant was accused of the crime of murder "for which he will be ultimately tried as an adult," and that "subjecting him to questioning while under arrest and incarcerated without the premise of his attorney is a subterfuge ..., contrary to his rights ...." The motion concluded with a prayer that the court refuse an order for a diagnostic study or, if such an order had been entered, that it be "recalled."
On May 7, 1974, appellant's counsel, after alleging that appellant was in custody against his will on a charge of murder, sought an order requiring that appellant be questioned only in the presence of his attorney. The motion recited that counsel had instructed appellant to "speak to no one."
The docket of the juvenile court reflects that on June 7, 1974, a hearing was held in the judge's chambers for the purpose of determining whether appellant "would voluntarily comply with Judge James Barlow's order to submit himself to a `complete diagnostic study, social evaluation and full investigation of the child." The docket entry recites: "Diagnostic study waived by Defendant." This entry states that a court reporter and appellant's attorney were present.
The "transfer" hearing was held on August 12, 1974. At the outset, the court instructed appellant that he had the right to remain silent and to be confronted by the witnesses against him. The court then inquired whether appellant had been asked to subject himself to a diagnostic study and social evaluation and had "failed to do so." Appellant answered in the affirmative. The district attorney and counsel for appellant then entered into a stipulation that the report of the medical examiner concerning the cause of death of the alleged victim could be admitted in evidence. After such report had been marked as an exhibit and received as evidence, appellant's counsel objected to proceeding with the hearing in the absence of "a social evaluation, a diagnostic study, and a full investigation of this child...." Counsel stated that he had "steadfastly refused to let the defendant, in a murder case, ... answer any questions or say anything about it, but there is nothing contained in the law that says a diagnostic study has to be made from the defendant himself .... The law is clear that there must be a diagnostic study and there is none." The State replied that counsel for appellant had "respectfully submitted that his client should not be forced into giving any psychological and psychiatric information to anyone" and that, therefore, the court had ruled on June 7, 1974, that appellant had waived his right to a diagnostic study.
After appellant's counsel pointed out the procedure established by law for waiver of his rights by a child, the trial judge announced that appellant's objection was overruled.
The court, after hearing evidence, entered an order waiving the jurisdiction of the juvenile court, certifying appellant for trial as an adult, and transferring the case to a criminal district court of Bexar County. This order recites, among other things:
1. Prior to the hearing, the court had ordered and obtained a social evaluation and full investigation of the child, his circumstances, and the circumstances of the alleged offense.
2. Prior to the hearing, the court had ordered a diagnostic study of the child, "but said study was not obtained as counsel... objected to the order and instructed the child not to cooperate in obtaining the diagnostic study."
3. Appellant "is of sufficient sophistication and maturity to have intellingently, knowingly and voluntarily waived all constitutional and statutory rights heretofore waived by" him.
By his first, second and fifth points appellant asserts that the trial court erred in ordering him tried as an adult without having obtained a diagnostic study, social evaluation, and investigation of the child, his circumstances and the circumstances of the alleged offense.
*648 Section 54.02(d) of the Family Code (1975) provides that, prior to the "transfer" hearing, "the juvenile court shall order and obtain a complete diagnostic study, social evaluation, and full investigation of the child, his circumstances, and the circumstances of the alleged offense." (Emphasis ours)
Section 54.02(d) is mandatory. Moreno v. State, 510 S.W.2d 116 (Tex.Civ. App.Tyler 1974, writ ref'd n.r.e.). It is impossible to read Title 3 of the Family Code, which deals with proceedings commonly termed "juvenile delinquency proceedings," without reaching the conclusion that its effect is to give to a juvenile offender the right not to be treated as an adult offender unless he is divested of that right by judicial order entered after complying with the requirements set forth in Section 54.02. The necessary conclusion is that, in the absence of an effective waiver by the child, he can be subjected to treatment as an adult only if there has been compliance with the mandatory provisions of Section 54.02.
Section 51.09 of the Family Code (1975) provides that, unless a contrary intent appears elsewhere in Title 3, a right guaranteed to a child by Title 3 or by the constitution or laws of Texas or of the United States may be waived in proceedings under that title (which includes "transfer" under Section 54.02) if "(1) the waiver is made by the child and the attorney for the child; (2) the child and the attorney waiving the right are informed of and understand the right and the possible consequences of waiving it; (3) the waiver is voluntary; and (4) the waiver is made in writing or in court proceedings that are recorded."
It is clear that a waiver may be effective only if concurred in by both the child and his attorney. The "motion in limine" objecting to an order complying with the provisions of Section 54.02(d) is signed only by the attorney for the child. It cannot be considered as a waiver "made by the child and the attorney for the child." The same is true of the motion seeking an order prohibiting the questioning of the child without the presence of his attorney. The docket entry of June 7, 1974, reciting that "defendant" waived a diagnostic study does not reflect a waiver made by both the attorney and the child. The docket entry reflects the presence only of the judge, the child's attorney, and the court reporter. It contains no mention of the presence of the child. The docket entry recites that it was held in chambers, and it is not unusual for attendance at "in chamber" proceedings to be limited to the attorneys and the judge. The hearing was apparently held because of the attitude of appellant's attorney, reflected in his instructions to appellant that appellant answer no questions unless the attorney was present. Under these circumstances, we cannot presume that appellant was present at the hearing. We deem it significant that the docket entry does not recite a waiver by the child and his attorney.
Nor do the events at the "transfer" hearing reflect an effective waiver under Section 51.09. The record affirmatively reflects that appellant's counsel objected to the hearing in the absence of a diagnostic study. It can hardly be said that this reflects a waiver concurred in by both appellant and his attorney.
We must, then, consider whether the child's refusal, on the advice of his attorney, to answer questions without the presence of his attorney, constituted an effective waiver. As the court instructed appellant, he had an absolute right to remain silent. The state's contention amounts to no more than an assertion that by claiming a constitutional right appellant, despite the clear language embodied in Section 51.09, waived a right guaranteed by Title 3 of the Family Code. There is no evidence in the record which suggests that a diagnostic study can be made only if the child waives the rights guaranteed him by the constitution of the United States. We are not prepared to hold that, absent such showing, as assertion *649 of a constitutional right is an effective waiver of a statutory right.
Absent a showing of compliance with the mandatory requirements of Section 54.02(d), the transfer order is invalid.
Since the record before us establishes that, during the pendency of this appeal, appellant has reached the age of 18 and is no longer subject to the jurisdiction of the juvenile court, we must consider the proper order to be entered in this case. If this loss of jurisdiction in the court a quo makes the case moot, then under established Texas procedure, the proper order is one dismissing all proceedings pending in the juvenile court. However, under the rule announced in Hight v. State, 483 S.W.2d 256 (Tex. 1972), the mere fact that appellant has reached age 18 has nothing to do with whether the case is moot. As the Supreme Court said in Hight, the loss of jurisdiction by the juvenile court "only prevents a remand" to the juvenile court if the order of transfer is held to be invalid. 483 S.W.2d at 257. None of the facts relied on by the Supreme Court in Hight as justifying a holding of mootness are present in this case.
The proper order, therefore, is one vacating the order of the juvenile court waiving jurisdiction and transferring appellant's case to a criminal district court for trial of appellant as an adult.
The judgment of the trial court is vacated.

MOTION FOR REHEARING
We adhere to our original opinion that appellant did not waive the right he is here asserting. We merely add, at this point, that there is nothing in the record to suggest compliance with the statutory requirement that, in order for a waiver to be effective, it is necessary that the child and the attorney waiving the right be informed of and understand the right and the possible consequences of waiving it. Family Code, Sec. 51.09(2).
In our original opinion, we merely vacated the order waiving the juvenile court's jurisdiction and transferring appellant to criminal district court for trial as an adult, without remanding the cause to juvenile court for the purpose of determining whether he should be prosecuted as an adult. This refusal to remand was based on the fact that appellant had reached his 18th birthday and that therefore, the juvenile court had lost jurisdiction. Our conclusion that appellant's age prevented a remand to juvenile court was based on the opinion of the Texas Supreme Court in Hight v. State, 483 S.W.2d 256 (Tex.1972). The problem relating to the proper disposition of the case was disposed of in rather summary fashion by merely referring to the Hight holding. We are now convinced that the problem merits further consideration.
Prior to 1965 the statute, Article 2338-1, relating to delinquency proceedings contained no provision for "waiver of jurisdiction" by the juvenile court and certification of the child for prosecution as an adult. The result was that when a child was accused of committing one of the more serious crimes, indictment of the child was merely delayed until he became of age. Sometimes, as in Hultin v. State, 121 Tex.Cr.R. 425, 351 S.W.2d 248 (1961), the child was adjudged "delinquent" in juvenile court on the basis of some lesser offense and kept in the custody of the Texas Youth Council until he became of age and could be prosecuted for the more serious offense. At other times no proceedings whatever were had in juvenile court, and the State merely delayed filing of criminal charges until he reached the age which made him subject to prosecution as an adult. Peterson v. State, 156 Tex.Cr.R. 105, 235 S.W.2d 138 (1951).
A provision for waiver of juvenile court jurisdiction and certification of a child offender for prosecution as an adult was first added to Article 2338-1 in 1965. Acts 1965, 59th Leg., ch. 577, Sec. 2, Sec. 6 of Article 2338-1, containing the provision for transfer of jurisdiction, was again amended in 1967 (Acts 1967, 60th Leg., p. 1082, ch. 475, *650 Sec. 4), and, as thus amended, it established essentially the same procedure which now appears in Sec. 54.02 of the Family Code.
Even after the 1967 amendment to Sec. 6 of former Article 2338-1, our Court of Criminal Appeals continued to approve the procedure under which a child became amenable to prosecution as an adult by merely delaying the filing of criminal charges, without an order by the juvenile court waiving its jurisdiction. Whitaker v. State, 467 S.W.2d 264 (Tex.Cr.App.1971).
At the time that cases such as Hultin, Peterson and Whitaker were decided, our Penal Code made the criminal jurisdiction of the district court dependent on age at the time of trial, rather than at the time of the commission of the offense. Tex.Pen. Code Ann. (1972), Article 30. It is clear that the legislative intent in adopting Sec. 54.02, containing the provisions for waiver of juvenile court jurisdiction in 1973, was to require a waiver of juvenile court jurisdiction in any case in which the alleged offense was committed before the offender reached age 17. That is, jurisdiction to try the child as an adult depended on age at the time the offense was committed, rather than age at the time the criminal proceedings were initiated. This intention is made manifest by the fact that Title III of the Family Code, which contains the provisions relating to delinquent children, when it was adopted in 1973, carried with it a "conforming" amendment of Article 30 of the Penal Code which provided that, with certain exceptions not here applicable, no person could be prosecuted for or convicted of any offense committed before reaching age 17 unless the juvenile court waived its jurisdiction and certified the offender for trial as an adult. Acts 1973, 63rd Leg., p. 1460, ch. 544, Sec. 2 (at p. 1484).
However, the same session of the legislature which adopted Title III of the Family Code, with its accompanying amendment of Penal Code Article 30, also adopted a new Penal Code. Sec. 8.07 of the 1973 Penal Code, on its face, adopted the same standard for criminal prosecution as that embodied in Penal Code Article 30 prior to its amendment by adoption of Title III of the Family Code. Tex.Pen.Code Ann., Sec. 8.07 (1974).
This inconsistency between Title III of the Family Code and Sec. 8.07 of the new Penal Code, both adopted in 1973, is obviously a major one.
The 1973 Penal Code passed each house of the legislatures and was signed by the governor before Title III of the Family Code. However, Title III of the Family Code, with its conforming amendment of Penal Code Article 30, became effective as of September 1, 1973, while the new Penal Code did not become effective until January 1, 1974. Clearly, from September 1, 1973, through December 31, 1973, Texas law required a waiver of jurisdiction by juvenile court as a condition precedent to criminal prosecution of any person who had committed an offense before he attained age 17. The question, then, is simply whether on January 1, 1974, when the new Penal Code became effective, the law reverted to its previous condition permitting criminal prosecution so long as, at the time of such prosecution, the child has reached his 17th birthday, without regard to whether the waiver of juvenile court jurisdiction required by the Family Code has taken place.
It must be borne in mind that the Penal Code adopted in 1973 repealed Article 30 of the prior Penal Code. But Article 30 of the old Penal Code was amended at the same session of the legislature which enacted the new Penal Code containing the repeal of Article 30. Since the new Penal Code repealed a statute which had been amended by the same session of the legislature which enacted the repealer, Sec. 3.11(c) of the Code Construction Act, Tex.Rev.Civ. Stat.Ann., Article 5429b-2 (Supp.), requires that the Amendment of Article 30 contained in Title III of the Family Code be given effect over the provision of the new Penal Code. In this connection, it is significant that Sec. 1.05(b) of the 1973 Penal *651 Code expressly refers to the Code Construction Act as a guide for resolution of questions concerning the interpretation of the new Penal Code.
We conclude that the adoption of Title III of the Family Code in 1973, including the conforming amendment of Article 30 of the then existing Penal Code, had the effect of precluding criminal prosecution of a person for an offense committed prior to his 17th birthday unless such criminal proceedings rested on a waiver of jurisdiction by the juvenile court in the manner outlined in Sec. 54.02 of the Family Code.[1]
The problem which we face here, due to the fact that appellant has reached his 18th birthday and is, according to the literal language of the Family Code, no longer subject to juvenile court jurisdiction, was faced by the Supreme Court of the United States in Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). After pointing out that the hearing relating to waiver of juvenile court jurisdiction is a "critically important" proceeding determining vitally important rights of the juvenile (383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d at 94), the Court noted that the petitioner had reached age 21 and was no longer amenable to the jurisdiction of the juvenile court. The petitioner argued that the only proper order was the vacation of the orders in the inferior courts, but the Court said it did not consider it appropriate to grant such "drastic" relief and, instead, remanded the case to the district court for a de novo hearing on the question of jurisdiction. 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d at 97.
Again, in Kemplen v. State of Maryland, 428 F.2d 169 (4 Cir. 1970), the problem was the proper disposition, by the appellate court, of a case in which the minor had become of age at the time the waiver proceedings were held to be invalid. It was decided that the proper remedy was the "... reconstruction in the Maryland courts, or failing that in the United States District Court, of the circumstances bearing on the waiver question and a determination nunc pro tunc or what the juvenile court judge would probably have done in light of all the information then available that might reasonably have been proffered by competent counsel." 428 F.2d at 178.
The 1975 amendment to Sec. 54.02 of the Family Code, effective September 1, 1975, permits the initiation of waiver of jurisdiction proceedings in the juvenile court after the offender has reached age 18 if the juvenile court finds that, despite due diligence on the part of the state, it was not practicable to proceed in juvenile court prior to the 18th birthday of the person involved because the state did not have probable cause to proceed in juvenile court and new evidence has been found since the person's 18th birthday or the person could not be found. Laws 1975, 64th Leg., p. 2152, ch. 693, Sec. 16 (at p. 2156). Even if the 1975 amendment could be made applicable to this case, the problem would not be resolved, since here the state timely initiated the waiver proceedings before the child's 18th birthday, and the difficulty arises because the child became of age while his appeal from the transfer order was pending.
It cannot reasonably be concluded that the legislature intended that where the state has acted diligently and has, by the timely filing of a petition for waiver of juvenile court jurisdiction, thus affording the child offender all of the rights to which he is entitled, the offender must go free because, by the time an appellate court determines that the transfer order is, for some reason, invalid, he has become of age. This result was the one described by the Supreme Court of the United States in Kent as "drastic." Under Texas Law, a child who commits a crime is entitled to a full due process hearing before the exclusive *652 jurisdiction of the juvenile court can be waived. That right is in no way impaired by a remand of the case to the juvenile court.
Our holding is that once the jurisdiction of the juvenile court has been timely invoked by the filing of a petition for waiver of that court's jurisdiction and transfer of the alleged offender to the district court for prosecution as an adult, the jurisdiction of the juvenile court continues until there has been a final disposition of the question of waiver of jurisdiction, whatever be the age of such alleged offender at the time of such final disposition.
The order of the juvenile court waiving its jurisdiction over appellant and certifying him for trial as an adult is set aside and the cause is remanded to that court for further proceedings in accordance with the provisions of Sec. 54.02 of the Family Code.
In all other respects the state's motion for rehearing is overruled.
NOTES
[1] In 1975 the legislature amended Sec. 8.07 of the 1973 Penal Code to preclude, absent waiver of juvenile court jurisdiction, criminal prosecution based on an offense committed prior to the time the alleged offender reached age 17. Acts 1975, 64th Leg., p. 2152, ch. 693, Sec. 24 (at p. 2158), effective September 1, 1975.