569 S.W.2d 613 (1978)
R. E. M., Appellant,
v.
STATE of Texas, Appellee.
No. 5830.
Court of Civil Appeals of Texas, Waco.
July 20, 1978.
Rehearing Denied August 10, 1978.
*614 Eugene H. Lieck, Pickett & Lieck, San Antonio, for appellant.
Bill M. White, Crim. Dist. Atty., Gerald R. Zwernemann, Mike Peden, Alan E. Battaglia, Asst. Dist. Attys., San Antonio, for appellee.

OPINION
JAMES, Justice.
This is an appeal from an order of the Juvenile Court certifying and transferring Appellant as an adult to the District Court. See Section 54.02 of Title 3 of the Texas Family Code. After trial, the Juvenile Court transferred Appellant to the Criminal District Court for criminal proceedings, from which order Appellant appeals on twelve points of error. We overrule all of Appellant's points of error and affirm the trial court's judgment.
Appellant was born on April 17, 1957, and is alleged to have committed an offense of the grade of felony, to wit, murder, on April 3, 1974, when Appellant was 16 years of age, nine days before his 17th birthday. On April 19, 1974, the State filed an original petition in the Juvenile Court of Bexar County, Texas, alleging delinquent conduct on the part of Appellant and asking that he be adjudged a juvenile delinquent. Thereafter, on May 6, 1974, the State filed in said Juvenile Court a motion to certify and transfer Appellant to the Criminal District Court of Bexar County, in order that the latter court proceed against Appellant as an adult.
A hearing on the motion to certify and transfer was originally had on August 12, 1974, which resulted in the trial court's transferring the cause to the Criminal District Court. That finding was reversed by the Fourth Court of Civil Appeals, and the cause was remanded back to the Juvenile Court. R.E.M. v. State (San Antonio CA 1975) 532 S.W.2d 645, no writ.
*615 A second hearing on the motion to certify and transfer was had on April 1, 1976, which resulted in the Juvenile Court again transferring the cause to the Criminal District Court. This order of the Juvenile Court was also reversed by the Fourth Court of Civil Appeals and for the second time the cause was remanded to the Juvenile Court. R.E.M. v. State (San Antonio CA 1976) 541 S.W.2d 841, NRE.
After the second remand, a third hearing on the motion to certify and transfer cause (same being upon the State's First Amended Motion) was had on March 31, 1977, after which the Juvenile Court once more certified and transferred Appellant as an adult for criminal proceedings, from which action of the Juvenile Court Appellant appeals.
In his first two points of error, Appellant contends the trial court erred in overruling his "Plea to the Jurisdiction No. 1" because Appellant was an adult at the time of the transfer hearing and therefore he was not subject to Juvenile Court proceedings. He asserts that the Juvenile Court had no jurisdiction over him and that subjecting him to the Juvenile Court proceedings constituted a denial of equal protection and due process. We do not agree.
At the third transfer hearing on March 31, 1977, Appellant was 19 years, 11 months, and 14 days old, just 17 days short of his 20th birthday. As stated above, the offense which occasioned the filing of this delinquency suit was alleged to have occurred on April 8, 1974, nine days prior to Appellant's 17th birthday; the original motion to certify and transfer was filed on May 6, 1974, when Appellant was 17 years of age and therefore subject to the Juvenile Court's jurisdiction. See Section 51.02(1), Title 3 of Texas Family Code, for definition of "child."
In the case at bar, there has been no adjudication of juvenile delinquency. We agree with Appellant that since Appellant was over 17 years old at the time of the certification hearing appealed from, that the Juvenile Court at that time had no jurisdiction to try him for juvenile delinquency. Carrillo v. State (Tex.1972) 480 S.W.2d 612, 618; Casanova v. State (Tex. 1973) 494 S.W.2d 812, 813.
But in the case before us we are not dealing with an appeal from an adjudication of juvenile delinquency, but are dealing with an appeal from certification and transfer, in which latter instance, as we understand it, our Supreme Court has laid down a different rule, in Hight v. State (Tex.1972) 483 S.W.2d 256, 257. Hight was an appeal from an order of the Juvenile Court waiving jurisdiction and transferring the defendant as an adult, as in the case at bar. Hight became 17 years old while his appeal was in progress. In this connection the Supreme Court said:
"George Hight appealed the waiver order to the Court of Civil Appeals claiming error in the waiver proceeding. That court refused to consider the merits of the case but took notice of the fact that George Hight had reached age seventeen and that the juvenile court had lost jurisdiction. This loss of jurisdiction was said by the court to make the case moot, and following established Texas procedure, set aside all previous orders. (citation). We disagree with this reasoning. The single fact of his reaching age seventeen has nothing to do with whether the case is moot; the loss of jurisdiction in the juvenile court only prevents a remand if the case is reversed." Also see Kent v. United States (U.S.S.Ct., 1966) 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2nd 84, where the court was confronted with a similar problem. See 86 S.Ct. at page 1059.
In order to be in harmony with Hight, supra, and Kent, supra, we are of the opinion and hold that once the jurisdiction of the juvenile court has been timely invoked (as here) by the filing of a petition for waiver of that court's jurisdiction and transfer of the alleged offender to the district court for prosecution as an adult, the jurisdiction of the juvenile court continues until there has been a final disposition of the question of waiver of jurisdiction, whatever be the age of such alleged offender at the time of such final disposition. This is *616 the precise holding of the San Antonio Court of Civil Appeals on the first appeal of the instant case. See R.E.M. v. State (CA 1975) 532 S.W.2d 645 at page 652, no writ. Also see In the Matter of J. R. C. (Texarkana CA 1977) 551 S.W.2d 748, NRE. Appellant's points one and two are overruled.
By Appellant's third point of error it is asserted the trial court erred in overruling Appellant's motion to dismiss because Appellant was in detention when the State's original petition was filed and no hearing was conducted thereon within ten days as required by Section 53.05(b)(1) of the Texas Family Code.
Section 53.05 in its pertinent parts provides:
"(a) After the petition has been filed, the juvenile court shall set a time for the hearing.
"(b) The time set for the hearing shall be not later than 10 days after the day the petition is filed if:
"(1) The child is in detention; _ _ _ _ _ _."
The State's original motion to transfer was filed on May 6, 1974. Theretofore, on April 19, 1974, (the same day the petition for adjudication for juvenile delinquency was filed), the Juvenile Court entered an order for a complete diagnostic study, social evaluation, and full investigation of the Appellant as mandated by statute.
On April 22, 1974, Appellant filed a "motion in limine" alleging that the order for diagnostic study constituted a "deprivation of the rights of the child" under the Federal and State Constitutions. Said motion recited that subjecting him to questioning while under arrest is a subterfuge contrary to his rights, and requested the court to set aside such order for diagnostic study.
On May 7, 1974, Appellant's counsel filed a motion seeking an order requiring that Appellant be questioned only in the presence of his attorney. Said motion recited that counsel had instructed Appellant to "speak to no one."
Appellant was in detention from April 9, 1974, until July 1, 1974, when he was released.
On June 7, 1974, a hearing was had in the judge's chambers for the purpose of determining whether Appellant would voluntarily comply with the trial court's order to submit himself to a complete diagnostic study, social evaluation, and full investigation. The transfer hearing complained of, which was the subject matter of the first appeal in this case, was held August 12, 1974.
The Appellant scrupulously followed his attorney's advice and refused to cooperate not only prior to the first appeal, but also prior to the second appeal. In the events leading up to the trial court's second transfer order, Appellant refused to answer any questions except his name, age, weight, height, and date of birth, and refused to take psychometric tests. The record is clear that the delays now complained of by Appellant were caused primarily and perhaps solely by Appellant's refusal to cooperate.
The trial court could not conduct a hearing until it had obtained a complete diagnostic study required by Section 54.02(d), since the obtaining of such study is mandatory. Moreno v. State (Tyler CA 1974) 510 S.W.2d 116, NRE; R.E.M. v. State (San Antonio CA 1975) 532 S.W.2d 645, 648, no writ. Therefore the delays complained of by Appellant were caused largely or solely by Appellant's refusal to cooperate. We do not believe that Appellant should be permitted to complain about a delay in which he participated or for which he was responsible. See In the Matter of J.R.C. (Texarkana CA 1977) 551 S.W.2d 748, at page 755, NRE. There is no provision in Section 53.05(b) for a loss of the Juvenile Court's jurisdiction for failure to set the hearing within the ten-day period, where the child is in detention. Appellant's third point is overruled.
Moreover, as stated before, this is Appellant's third appeal, and his third point concerning no hearing within 10 days was not raised or passed upon by the San Antonio Court of Civil Appeals in either the first appeal or the second appeal. We are of the *617 opinion and hold that Appellant should not be permitted to urge such matter on a third appeal, where he has chosen not to raise such point on either of his previous two appeals. See Hillhouse v. Allumbaugh (Eastland CA 1953) 258 S.W.2d 826, NRE; Houston Endowment, Inc. v. City of Houston (Houston 14th CA 1971) 468 S.W.2d 540, NRE; 4 Tex.Jur.2d "Appeal and Error Civil Cases" pars. 997 to 999 inclusive, pp. 730 et seq., and the cases therein cited.
Appellant's fourth point complains the trial court erred in overruling Appellant's motion to dismiss the State's first amended motion to certify and transfer because the same was filed when Appellant was 19 years old and the Juvenile Court lost jurisdiction over any amended motion. Said State's amended motion was filed March 4, 1977, and hearing was had thereon March 31, 1977, just seventeen days before Appellant's twentieth birthday.
We have already cited the authorities hereinabove in the discussion under Appellant's first and second points to the effect that when the jurisdiction of the Juvenile Court is timely invoked (as here) that the Juvenile Court has continuing jurisdiction over Appellant until there has been a final disposition of the question of waiver of jurisdiction. We see no reason why the State should not be permitted to file an amended pleading under the provisions of Rule 63, Texas Rules of Civil Procedure. Appellant's fourth point is overruled.
By Appellant's fifth point he asserts the trial court erred in overruling Appellant's motion to quash and alternative motion to dismiss State's petition to certify and transfer cause because said State's motion was not made on personal knowledge or information and belief and was not sworn to. Appellant cites Article I, Section 9 (Searches and Seizures) of the Texas Constitution as requiring such motion to certify and transfer to be sworn to. We do not agree.
Section 53.04 of the Texas Family Code governs the court petition and any answer thereto; subsection (a) thereof provides in its pertinent parts that the petition may be made by the prosecuting attorney who has knowledge of the facts alleged or is informed and believes that they are true; subsection (c) provides that the petition may be on information and belief. There is nothing in Section 53.04 that requires that the petition be sworn to by the prosecuting attorney. Since this is a civil proceeding, it is our opinion that the form of a petition filed pursuant to Section 53.04 is governed by said Section as opposed to the form prescribed for criminal prosecutions. See In Re: V.R.S. (Amarillo CA 1974) 512 S.W.2d 350 at page 355, no writ. Appellant's fifth point is overruled.
Appellant's sixth point raises a complaint that was presented to and passed upon adversely to Appellant on the second appeal of this case, as follows: Appellant again contends the trial court erred in overruling his plea in bar and thereby denied him equal protection of the laws in contravention of the Fourteenth Amendment of the Federal Constitution. In this point of error, Appellant says that because the State filed a petition against him for an adjudication of delinquency prior to filing the petition for certification and transfer, the Juvenile Court was deprived of jurisdiction over Appellant by virtue of Article 30(a) of the Texas Penal Code (1973).
This point of error was presented by Appellant, discussed, and decided against Appellant by the San Antonio Court of Civil Appeals in the second appeal of this case, R.E.M. v. State (San Antonio CA 1976) 541 S.W.2d 841 at pages 843 and 844, NRE, and we will not rediscuss these matters here. Suffice it to say that the prior adjudication of this contention by the San Antonio Court of Civil Appeals in said second appeal is now the law of this case, with a writ of error having been refused thereupon by our Supreme Court, "no reversible error." This being so, this contention contained in Appellant's sixth point of error has been laid to rest. See Hillhouse v. Allumbaugh, (Eastland CA 1953) 258 S.W.2d 826, NRE; Houston Endowment, Inc. v. City of Houston (Houston 14th CA 1971) 468 S.W.2d 540, *618 NRE; 4 Tex.Jur.2d, "Appeal and Error Civil Cases," pars. 997 to 999 inclusive, pp. 730 et seq., and the cases therein cited.
Appellant's points seven through eleven argue: (7) the trial court erred in finding that Appellant is presently of sufficient sophistication and maturity to be tried as an adult, contending that the proper standard is whether Appellant was of sufficient sophistication and maturity in May 1974, when the State's original motion to certify was filed; (8) there is no evidence that in May 1974 that Appellant was of sufficient sophistication and maturity to understand the seriousness of his conduct and that he possessed the degree of culpability and responsibility required in law for the commission of a felony; (9) the trial court erred in its finding that there was little, if any, prospect of adequate protection to the public and likelihood of rehabilitation of Appellant by the use of the procedures, service and facilities currently available to the Juvenile Court; because the proper standard is whether the procedures, service and facilities available in May 1974 were adequate for the protection of the public and whether in May 1974 there was a likelihood of reasonable rehabilitation of Appellant; (10) there is no evidence that the procedures, services, and facilities available in May 1974 were not adequate for the protection of the public and the likelihood of reasonable rehabilitation of Appellant; (11) that the trial court's order of certification and transfer is so against the great weight and preponderance of the evidence as to be manifestly unjust. We overrule all of these contentions as being without merit.
Without detailing the evidence, suffice it to say that the trial court had before him evidence concerning the above matters as they existed in May 1974 as well as in March, 1977, at the time of the last certification order presently appealed from; that the record affirmatively shows that the trial court considered all of such evidence as he is required to do under Section 54.02(f) of the Texas Family Code; that such evidence is amply sufficient to support the trial court's order, and such order is not against the great weight and preponderance of the evidence under the test laid down by our Supreme Court in In re King's Estate (Tex.1951) 150 Tex. 662, 244 S.W.2d 660.
Appellant's twelfth and final point of error asserts the trial court erred in certifying and transferring this cause because there had been a "prior adjudication" on the petition of delinquency by virtue of the fact that Appellant pleaded nolo contendere to said petition. The State filed its petition originally on April 19, 1974, alleging the Appellant had engaged in delinquent conduct, and prayed that Appellant be adjudged a delinquent. To this petition the Appellant answered with a plea of nolo contendere. What Appellant is saying is that this amounts to a "prior adjudication" of delinquency. We do not agree.
Section 54.03, Texas Family Code, contains detailed provisions for an adjudication hearing in a juvenile case, and Subsection (a) thereof specifically provides that "a child may be found to have engaged in delinquent conduct _ _ _ _ _ _ _ _ _ only after an adjudication hearing conducted in accordance with the provisions of this section." (emphasis supplied). In the case at bar, there is no evidence of any such adjudication hearing ever having been held or any such order entered. Indeed, there is evidence in the record to the effect that no such hearing has ever been conducted. The mere filing of a petition by the State, and answer by Appellant of nolo contendere does not constitute an adjudication of delinquency; rather a holding to such effect would violate the express provisions of Section 54.03(a). Appellant's twelfth point is overruled.
We have carefully considered all of Appellant's points and contentions, and hold that no reversible error is shown thereby. We accordingly affirm the trial court's judgment.
AFFIRMED.