577 S.W.2d 375 (1979)
In the Matter of I____ L____, Appellant,
v.
The STATE of Texas, Appellee.
No. 12920.
Court of Civil Appeals of Texas, Austin.
February 7, 1979.
Rehearing Denied February 28, 1979.
*376 Charley L. Smith, Austin, for appellant.
Ronald Earle, Dist. Atty., Jackie Strashun, Asst. Dist. Atty., Travis County, Austin, for appellee.
PHILLIPS, Chief Justice.
This is an appeal from the judgment of the juvenile court of Travis County waiving its exclusive jurisdiction and transferring appellant, I___ L___, to district court for trial for murder. We affirm the judgment of the juvenile court.
The hearing to consider discretionary transfer of appellant to criminal court was held on June 30 and July 5, 1978, pursuant to Texas Family Code Ann. § 54.02 (1975). As required by section 54.02(a)(3), the court found that "because of the seriousness of the offense or[1] the back-ground of the child the welfare of the community requires criminal proceedings." This finding is supported by evidence in the record. Appellant is accused of stabbing a man in the heart outside an Austin night-club. Appellant's past record includes a burglary charge which was subsequently dropped, an adjudication of delinquency for aggravated assault, and revocation of probation and commitment to Texas Youth Council for stabbing a student.
Appellant's first two points of error deny compliance with Texas Family Code Ann. § 54.02(d) (1975) which provides:
"Prior to the hearing, the juvenile court shall order and obtain a complete diagnostic study, social evaluation, and full investigation of the child, his circumstances, and the circumstances of the alleged offense."
Appellant objected to the admission of the diagnostic study into evidence. Appellant contends that the diagnostic study obtained pursuant to section 54.02(d) was insufficient in its contents. The study was comprised of a psychiatrist's report, a social evaluation and investigation by a court investigator, monthly progress reports on appellant compiled during a one-year stay at the Texas Youth Council, and an intelligence test which was made at least one year prior to the hearing during appellant's stay at Texas Youth Council. There was no physical examination or interview with a clinical psychologist.
The legislature did not clarify what must be included in a "complete diagnostic study." The authors of one article have suggested the elements necessary are examinations by a psychiatrist and clinical psychologist and an evaluation by a probation department caseworker. See Hays & Solway, The Role of Psychological Evaluation in Certification of Juveniles for Trial as Adults, 9 Hous.L.Rev. 709 (1972). Although no examination was made by a psychologist in the present case, we do not believe that omission merits reversal of the juvenile court's judgment.
Appellant points out that the intelligence test was made at least one year prior to the hearing. There was, however, a psychiatric examination conducted less than a month before the hearing. The examining psychiatrist testified at the hearing that in his opinion no further testing was needed and that a complete diagnostic study had been made. Under the circumstances, the court did not abuse its discretion in the admission of the diagnostic study.
Appellant contends that the trial court erred by not including in its order a finding of fact that a complete diagnostic study had been ordered and obtained. In fact, the study was not mentioned in the order. Appellant also argues the order was void because it did not state that the judge read and considered the study. The requirements of section 54.02(d) are mandatory and must be strictly followed. See R. E. M. v. State, 532 S.W.2d 645 (Tex.Civ.App. 1975, no writ); In re J. R. C., 522 S.W.2d 579 (Tex.Civ.App.1975, writ ref'd n. r. e.); Moreno v. State, 510 S.W.2d 116 (Tex.Civ. App.1974, writ ref'd n. r. e.). Undoubtedly, *377 the court must not only "order and obtain" a diagnostic study, but must also consider it. R. K. A. v. State, 553 S.W.2d 781 (Tex. Civ.App.1977, no writ). It is undisputed that the diagnostic study was ordered and obtained.
The United States Supreme Court has stated that a juvenile transfer proceeding is critically important, and a reviewing court may not assume a "full investigation" has been made. Kent v. U. S., 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). We believe, however, that it must be presumed the trial judge carried out his lawful duty of considering all the evidence in the record, including the diagnostic study. The Supreme Court in Kent v. U. S., supra, stated:
"Presumably, prior to entry of his order, the Juvenile Court judge received and considered recommendations of the Juvenile Court staff, the Social Service file relating to petitioner, and a report... submitted to him by the Juvenile Probation Section." (Emphasis added)
We hold the order of discretionary transfer was not invalid because it failed to state the diagnostic study was ordered and obtained and considered.
Appellant challenges in separate points of error findings in the order concerning the existence of evidence supporting an indictment (§ 54.02(f)(3)), the sophistication and maturity of the child (§ 54.02(f)(4)), and the prospects of adequate protection of the public and the likelihood of rehabilitation of the child by use of procedures available to the juvenile court (§ 54.02(f)(6)). It has been held the factors enumerated in section 54.02(f) need only be considered and each one need not be present in a specific case. See Matter of B. L. H. v. State, Docket No. 12,861, (Tex.Civ. App. Austin, Dec. 13, 1978) (not yet reported); Matter of J. R. C., 551 S.W.2d 748 (Tex.Civ.App.1977, writ ref'd n. r. e.); Meza v. State, 543 S.W.2d 189 (Tex.Civ.App.1976, no writ). In the present case there was testimony by witnesses supporting each item. This Court cannot substitute its judgment for that of the juvenile court. See B. L. C. v. State, 543 S.W.2d 151 (Tex. Civ.App.1976, writ ref'd n. r. e.).
The judgment of the trial court is in all things affirmed.
NOTES
[1] Section 54.02(a)(3) provides for a determination by the judge based upon "the seriousness of the offense or the background of the child...." (Emphasis added)