**In the Matter of M.A.V.**

No. 04–96–00683–CV.

Court of Appeals of Texas, San Antonio.

Sept. 10, 1997.

Richard J. Gonzalez, Laredo, for Appellant.

Homero Ramirez, Webb County Attorney, Enrique Pellegrin, Assistant County Attorney, Laredo, for Appellee.

Before HARDBERGER, STONE and GREEN, JJ.

## OPINION ON APPELLEE'S MOTION FOR REHEARING

STONE, Justice.

Appellant's Motion for Rehearing is denied and appellee's Motion for Rehearing is granted in part. The opinion of this court issued July 2, 1997, is withdrawn and this opinion is substituted therefor.

M.A.V. appeals from a juvenile court's order certifying him to be tried as an adult for seven counts of capital murder, three counts of murder, eleven counts of burglary, and one count of theft. M.A.V.'s sole point of error contends the trial court failed to proceed under the proper subsection of section 54.02 of the Family Code. For the following reasons, we reverse the order and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

M.A.V. was born on November 21, 1974. On March 20, 1991, the State filed a petition seeking certification of M.A.V. to stand trial as an adult for crimes allegedly committed when he was sixteen. M.A.V. was charged with committing seven counts of capital murder, three counts of murder, eleven counts of burglary, and one count of theft stemming from his alleged involvement in a burglary on January 18, 1991. A certification order was entered and was later reversed and remanded to the trial court to hold jury trials on temporary hospitalization and fitness to proceed. M.A.V. was determined fit to proceed. M.A.V. escaped from juvenile custody in 1993 and was at large for two years. In 1995, at the age of twenty-one, M.A.V. was found in Mexico and returned to Laredo. The State reinitiated proceedings to certify M.A.V. as an adult in June 1996. Proceeding under section 54.02(a) of the Family Code, the court waived its jurisdiction and ordered M.A.V. to criminal court to stand trial as an adult.

## ARGUMENT ON APPEAL

M.A.V. argues the trial court erred in proceeding under section 54.02(a) which applies in proceedings when the individual to be certified is under the age of eighteen. Because M.A.V. was twenty-one years old at the time of the hearing, the State should have proceeded under subsection (j) which controls cases in which the individual to be certified is over the age of eighteen.

The required elements of proof for a certification order depend upon the age of the individual. *See* TEX. FAM.CODE ANN. § 54.02 (Vernon 1996). As noted, section 54.02(a)—(i) applies when the individual is under the age of eighteen and subsection (j) is triggered when the individual is over the age of eighteen. Subsection (h) requires the court to "state specifically in the order its reasons for waiver." TEX. FAM.CODE ANN. § 54.02(h) (Vernon 1996). The State contends that subsection (j) applies only in situations in which the *first* petition for waiver of jurisdiction was brought when the individual was eighteen or older. If, as in the instant case, the first petition for certification was brought while the individual was under eighteen, triggering subsection (a), subsection (a) continues to control the proceeding even if the individual turns eighteen prior to the resolution of the matter. The State relies upon *R.E.M. v. State*, 569 S.W.2d 613 (Tex.Civ. App.—Waco 1978, writ ref'd n.r.e.), for this argument; such reliance is misplaced. *R.E.M.* stands for the proposition that the juvenile court retains jurisdiction over a matter until it is resolved once its jurisdiction is properly invoked. *R.E.M.*, 569 S.W.2d at 617. The procedural question of which subsection controls when an individual turns eighteen pending the resolution of a certification proceeding was not at issue in *R.E.M.* and thus *R.E.M.* is not controlling for this issue.

Under section 54.02(j), a court may waive its jurisdiction if:

(1) the person is 18 years of age or older;

(2) the person was:

(A) 14 years of age or older and under 17 years of age at the time he is alleged to have committed a capital felony, an aggravated controlled substance felony, or a felony of the first degree; or

(B) 15 years of age or older and under 17 years of age at the time the person is

alleged to have committed a felony of the second or third degree or a state jail felony;

(3) no adjudication concerning the alleged offense has been made or no adjudication hearing concerning the offense has been conducted;

(4) the juvenile court finds from a preponderance of the evidence that:

(A) for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person; or

(B) after due diligence of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person because:

(i) the state did not have probable cause to proceed in juvenile court and new evidence has been found since the 18th birthday of the person;

(ii) the person could not be found; or

(iii) a previous transfer order was reversed by an appellate court or set aside by a district court; and

(5) the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged.

TEX. FAM.CODE ANN. § 54.02(j) (Vernon 1996).

The State's argument that subsection (a) would govern a proceeding in which an individual turns eighteen pending the resolution of the certification issue does not find support in section 54.02. Section 54.02(j)(1) states that subsection (j) applies when the individual is eighteen years of age or older; it does not state "eighteen years or older when the petition is filed." The application of either subsection (a) or subsection (j) is not expressly tied to the age of the individual at the time of filing the petition. According-

ly, we decline to read that requirement into section 54.02.[1]

Because M.A.V. was over the age of eighteen during the second certification hearing, the court was required to proceed under subsection (j).

M.A.V. asks that the cause be remanded to the juvenile court with the instructions that the State be limited to the determinate sentencing provisions of the Texas Family Code. M.A.V. has not cited to this court any authority, nor have we found any authority which requires such a result. The certification order is reversed and the cause is remanded to the juvenile court for proceedings consistent with this opinion.

---

1. We note that section 54.02(j)(4)(B)(iii) lends support to our interpretation of section 54.02. Section 54.02(j)(4)(B)(iii), although not yet in effect at the time of M.A.V.'s proceeding, authorizes the State to certify an individual over the age of eighteen if "a previous order was reversed by an appellate court or set aside by a district court." The 1995 amendment thus clarifies the applicable procedure and subsection when an individual turns eighteen pending the resolution of the certification proceeding. *See* Act of May 19, 1975, 64th Leg., R.S., ch. 693, § 16, 1975 Tex. Gen. Laws 2156, *amended by* Act of May 8, 1987, 70th Leg., R.S., ch. 140, § 3, 1987 Tex. Gen. Laws 309, *amended by* Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 34, 1995 Tex. Gen. Laws 2534.