**Robert Edward MILLER, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 04–81–00027–CR.**

Court of Appeals of Texas, San Antonio.

Sept. 22, 1982.

Discretionary Review Granted Jan. 26, 1983.

Eugene H. Lieck, San Antonio, for appellant.

Bill White, Dist. Atty., Douglas V. McNeel, Asst. Dist. Atty., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CANTU, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a conviction for murder. The jury assessed punishment at life imprisonment.

By appellant's nine grounds of error we are faced with the following issues: (1) whether his prosecution in the instant case for the offense alleged in the indictment subjected him to double jeopardy in viola-tion of existing state statutes and his rights under the Fifth and Fourteenth Amendments of the United States Constitution; (2) whether the juvenile court had jurisdiction to transfer his case, after he had become 18 years of age, to the district court for trial as an adult and the effect of such transfer on the judgment of conviction; (3) whether he was denied a speedy trial in violation of the Texas Family Code; (4) whether he was entitled to a charge on the definition of the term "temporary insanity caused by intoxication;" and (5) whether the admission of photographs of the body of the deceased constituted harmful error. We answer the jeopardy issue in the affirmative and reverse the judgment of conviction of the trial court and remand this cause to the trial court with instructions to dismiss the indictment.

A detailed recitation of the evidence presented in this case is not necessary in that appellant does not challenge the sufficiency of the evidence. However, before discussing appellant's individual grounds of error, we must set out the complex history of this case.

On appellant's seventeenth (17th) birthday, April 19, 1974, the State filed an original petition in the juvenile court alleging that appellant had engaged in delinquent conduct.[1] The petition alleged, inter alia, that on April 8, 1974, appellant had "... intentionally and knowingly caused the death of Leonard G. Sella, by shooting the said Leonard G. Sella with a pistol ...." The petition also alleged that the crime charged was a felony under Tex.Penal Code Ann. § 19.02. (Vernon 1974).

Thereafter, on May 6, 1974, the State filed a motion in the same cause seeking an order from the juvenile court certifying and transferring appellant to the district court for prosecution as an adult.[2] A hearing was held on the motion to certify and transfer, and the hearing resulted in the grant-

---

1. Under the provisions of Tex.Fam.Code Ann. § 51.04(a) (Vernon 1973), the juvenile court had exclusive jurisdiction over appellant's conduct.

2. Appellant notes that the original petition alleging that he engaged in delinquent conduct has never been dismissed in juvenile court.

ing of the motion and entry of a transfer order by the juvenile court transferring appellant to the district court for prosecution as an adult. This transfer order of August 12, 1974, was reversed by the Fourth Court of Civil Appeals in *R.E.M. v. State,* 532 S.W.2d 645 (Tex.Civ.App.—San Antonio 1975, no writ). In a subsequent hearing, appellant was again ordered transferred to the district court to be tried as an adult. The second transfer order, dated April 1, 1976, was also reversed by the Fourth Court of Civil Appeals in *R.E.M. v. State,* 541 S.W.2d 841 (Tex.Civ.App.—San Antonio 1976, writ ref'd n.r.e.).

On March 4, 1977, the State filed its first amended motion to certify and transfer appellant to the district court for prosecution as an adult. On March 31, 1977, after a hearing on the amended motion, the juvenile court granted the motion and ordered appellant transferred to the district court for prosecution as an adult. This transfer order was affirmed by the Tenth Court of Civil Appeals in *R.E.M. v. State,* 569 S.W.2d 613 (Tex.Civ.App.—Waco 1978, writ ref'd n.r.e.).

Appellant waived examining trial and on July 20, 1977, he was indicted by the Bexar County Grand Jury. In the indictment it is alleged, in part, that

> ... on or about the 8th day of April, A.D., 1974, Robert Edward Miller did then and there intentionally and knowingly cause the death of Leonard G. Sella by shooting the said Leonard G. Sella with a gun ....

It is from the judgment of conviction for the offense alleged in the indictment that appellant appeals to this court.

■ Appellant filed two pleas of former jeopardy in the trial court, both of which were overruled. In his initial ground of error, appellant contends that the trial court erred in overruling his plea of former jeopardy number one because, under the provisions of former Tex.Penal Code art. 30(c) (Vernon 1973), the State was prohibited from subsequently prosecuting him for any offense previously alleged in the adjudication petition filed in the juvenile court.

He argues that since he was indicted for the same offense alleged in the adjudication petition, his prosecution as an adult was in violation of this former jeopardy right stated in art. 30(c). This ground of error must be considered in the context of the legislative history of the following articles.

In 1967, Tex.Penal Code Ann. art. 30, § 3 (Vernon 1925) was amended to read as follows:

> No person *who has been adjudged a delinquent child* may be convicted of any offense alleged in the petition to adjudge him a delinquent child or any offense within the knowledge of the juvenile judge as evidenced by anything in the records of the juvenile proceeding (Emphasis ours).

Acts 1967, 60th Leg., p. 1086, ch. 475, § 7.

In 1973, Tex.Penal Code Ann. art. 30, § 3 (Vernon 1925) was replaced by the passage of Title III of the Family Code with its conforming amendment to Penal Code art. 30. The conforming amendment to Penal Code art. 30 reads as follows:

> (c) A person *who has been alleged in a petition for an adjudication hearing* to have engaged in delinquent conduct or conduct indicating a need for supervision may not be prosecuted for or convicted of any offense alleged in the juvenile court petition or any offense within the knowledge of the juvenile court judge as evidenced by anything in the record of the juvenile court proceedings (Emphasis ours).

Acts 1973, 63 Leg., p. 1484, ch. 544, § 2, effective Sept. 1, 1973.

However, at the same session of the Legislature, Tex.Penal Code art. 30 (Vernon 1925) was repealed by the enactment of the new Penal Code. Acts 1973, 63 Leg., p. 991, ch. 399, § 3, effective Jan. 1, 1974. Section 8.07(d) of the new Penal Code replaced Article 30 and it reflected the earlier language of art. 30, § 3, as amended in 1967. Section 8.07(d) read as follows:

> No person *who has been adjudged a delinquent child* may be convicted of any offense alleged in the petition to adjudge

him a delinquent child or any offense within the knowledge of the juvenile judge as evidenced by anything in the record of the juvenile proceeding. (Emphasis ours.)

Tex.Penal Code Ann. § 8.07 (Vernon 1974).

In other words, there were three different double jeopardy standards regarding juveniles in the period between 1967 and January 1, 1974. The 1967 enactment barred prosecution of a juvenile as an adult if the child previously had been *adjudicated* as a delinquent for the same misconduct, or if the same misconduct had been brought to the attention of the juvenile judge during the hearing. The 1973 Family Code amendment to art. 30 changed the law, to bar adult prosecution if there had merely been a previous *allegation* in juvenile court of the same misconduct. The same Legislature, in enacting § 8.07 of the new Penal Code, then reverted to the 1967 standard of prior *adjudication* as barring adult prosecution.

Therefore, a major inconsistency existed between Title III of the Family Code, with its accompanying amendment of Penal Code art. 30, and § 8.07 of the new Penal Code. Title III of the Family Code, with its conforming amendment of prior Penal Code art. 30, became effective as of September 1, 1973, while the new Penal Code did not become effective until January 1, 1974. There is no question that from September 1, 1973, through December 31, 1973, a person alleged in a petition for adjudication to have engaged in delinquent conduct could not be prosecuted for or convicted of any offense alleged in the juvenile court petition. The question is whether on January 1, 1974, when the new Penal Code became effective, the law reverted to its previous condition that only in the absence of an adjudication as a delinquent child could a person be convicted of any offense alleged in the petition to adjudge him a delinquent child.

The Fourth Court of Civil Appeals in *R.E.M. v. State,* 532 S.W.2d 645, at 650, answered this question when it stated,

... [S]ince the new Penal Code repealed a statute which had been amended by the same session of the Legislature which enacted the repealer, Sec. 3.11(c) of the Code Construction Act, Tex.Rev.Civ.Stat. Ann. art. 5429b–2 (Supp.), requires that the Amendment of Article 30 contained in Title III of the Family Code be given effect over the provision of the new Penal Code. In this connection, it is significant that Sec. 1.05(b) of the 1973 Penal Code expressly refers to the Code Construction Act as a guide for resolution of questions concerning the interpretation of the new Penal Code.

Section 3.11(c) of the Code Construction Act, *supra,* states,

The repeal of a statute by a code does not affect an amendment, revision, or reenactment of the statute by the same legislature which enacted the code. The amendment, revision, or reenactment is preserved and given effect as part of the code provision which revised the statute so amended, revised, or reenacted.

In other words, when the 63rd Legislature enacted *both* the new Penal Code, with its § 8.07(d), *supra, and* the conforming amendment to former art. 30(c), this operated, under § 3.11(c), *supra,* to give the amended art. 30(c) effect over § 8.07(d). Thus, the decisive action with regard to appellant's contention was the filing of the April 19, 1974, adjudication petition. This action by the State operated under the conforming amendment to art. 30 to bar prosecution or conviction of appellant for the offense of which he now stands convicted.[3]

---

**3.** In 1975, the Legislature, apparently recognizing its error in having enacted these conflicting provisions, expressly repealed the 1973 version of art. 30. Acts 1975, 64th Leg., p. 918, ch. 342, § 16, and Acts 1975, 64th Leg., p. 2159, ch. 693, § 26. Also, § 8.07(c) of the new Penal Code was amended to provide that the *allegation* in a juvenile court adjudication petition, or knowl-edge by the juvenile court judge of any offense, barred subsequent prosecution for any such offense, "... [u]nless the juvenile court waives jurisdiction and certifies the individual for criminal prosecution ...." Acts 1975, 64th Leg., p. 2159, ch. 693, § 24. Although these provisions are not relevant to this case, they do place the legislative history in perspective.

■ We conclude, therefore, that the provisions of art. 30(c) controlled at the time of trial of this cause and that under its terms the State was precluded from prosecuting appellant for or convicting him of any offense alleged against him in the petition for adjudication in the juvenile court. Accordingly, we hold that appellant's prosecution as an adult was in violation of the former jeopardy right explicit in art. 30(c). Appellant's initial ground of error is sustained.

Our disposition of appellant's initial ground of error being dispositive of this case, we will not discuss appellant's remaining grounds of error or issues set out in this opinion.

The judgment of conviction is reversed and this cause is remanded to the trial court with instructions that the indictment in this cause be dismissed. No further prosecution may be had for the offense alleged in the original adjudication petition, nor for any other offense that was within the knowledge of the juvenile court as evidenced by the record of any juvenile court proceedings held on such petition.

BUTTS, Justice, concurring.

I concur in the judgment with these supporting remarks. The 1975 amendment to Tex.Penal Code Ann. § 8.07 (Vernon 1974) removed all doubts that the Legislature acknowledged its earlier enactments brought two unwanted results. First, did the Legislature intend to change the determinative age of the juvenile from that at the time of the trial to the age at the time of the offense for a period of only four months, from September 1, 1973, to December 31, 1973. This seems unlikely, but that conclusion is reasonable if § 8.07(b),[1] passed to become effective in 1974, is construed to prevail over the conforming amendment to

article 30 of the old Penal Code. Action by the Legislature followed upon realization as well, and on the other hand, of the possible dominance of the provisions of the conforming amendment to article 30 over § 8.07(d),[2] the second unwanted result. *Practice Commentary* on § 8.07, Tex.Penal Code Ann. (Vernon 1974).

It is the 1974 § 8.07(d) statute which we have determined must fall in the face of the 1973 amended article 30. The Texas Court of Criminal Appeals confronted inconsistent statutes defining the offense of contributing to the delinquency of a minor, both passed during the same legislative session, in *Ex parte de Jesus de la O,* 154 Tex.Cr.R. 326, 227 S.W.2d 212 (Tex.Crim.App.1950). The Legislature had passed one bill on June 21, 1949, and the other on June 22, 1949. The Court wrote at 213:

Where two acts passed at the same session of the legislature cannot be reconciled by any known rule of construction, the first in time or position must give way to the last, and the latter will stand as the final expression of the legislative will.

The last in time rule is codified in Tex.Code Construction Act, Tex.Rev.Civ.Stat.Ann. art. 5429b–2, Texas Code Construction Act, § 3.05(b) (Supp.1982). Applying that same rule in this case, we must hold that the conforming amendment to article 30 of the old Penal Code prevails over the 1974 § 8.07 statute because it was the final expression of the legislative will. The Penal Code was passed by the Legislature on May 24, 1973. The juvenile code and the accompaning conforming amendment to article 30 of the Penal Code were passed by the Legislature on May 25, 1973.

An equally compelling reason that amended article 30 takes precedence over § 8.07 (1974) of the new Penal Code is

---

1. § 8.07(b) provided:
   Unless the juvenile court waives jurisdiction and certifies the individual for criminal prosecution, a person may not be prosecuted for or convicted of any offense committed before reaching 17 years of age.

2. § 8.07(d) provided:

No person who has been *adjudged a delinquent child* may be convicted of any offense alleged in the petition to adjudge him a delinquent child or any offense within the knowledge of the juvenile judge as evidenced by anything in the record of the juvenile proceeding. (Emphasis added).

stated in the Texas Code Construction Act, § 3.11(c) which provides in part:

The repeal of a statute by a code does not affect an amendment, revision, or reenactment of the statute by the *same legislature* which enacted the code. The amendment, revision, or reenactment is preserved and given effect as part of the code provision which the statute so amended, revised, or reenacted. (Emphasis added).

Thus, we must assume that the Legislature intended the specific conforming amendment to article 30 of the old Penal Code to change the law as stated therein and not as stated in § 8.07 of the Penal Code revision.

These provisions of the Code Construction Act mandate the conclusion that the appellant has indeed been twice placed in jeopardy, for he had "been alleged in a petition for an adjudication hearing to have engaged in delinquent conduct ..." and, accordingly, could not later be convicted for that offense.