**Robert Edward MILLER, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 961–82.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 11, 1984.

Rehearing Denied Feb. 12, 1986.

Eugene H. Lieck, San Antonio, for appellant.

Bill M. White, Dist. Atty. and Edward F. Shaughnessy, III, Ron Mata, Lawrence J. Souza and Douglas V. McNeel, Asst. Dist. Attys., San Antonio, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted of murder and assessed life imprisonment by a jury.

On appeal the San Antonio Court of Appeals in a panel opinion reversed the conviction holding that the trial court erred in overruling appellant's pretrial plea in bar of prosection based on a statutory claim of former jeopardy under Article 30(c), V.A.P.C., as amended (Acts 1973, 63rd Leg., p. 1484, ch. 544, Sec. 2, effective Sept. 1, 1973). *Miller v. State*, 640 S.W.2d 404 (Tex.App.—San Antonio 1982).

We granted the State's petition to consider the correctness of the decision of the Court of Appeals.

Following indictment, appellant filed two pretrial pleas in bar of prosecution based on former jeopardy. Both were overruled. In his initial ground of error appellant contended the trial court erred in overruling his plea based on Article 30(c), V.A.P.C. (1925), as amended in 1973, arguing the State was prohibited from subsequently prosecuting him for any offense merely alleged in an adjudication petition filed in juvenile court, pointing out that he had been indicted for the same murder offense which had been earlier alleged in the adjudication petition filed in juvenile court.[1] The Court of Appeals answered this contention by stating:

"We conclude, therefore, that the provisions of art. 30(c) controlled at the time of the trial of this cause and that under its terms the State was precluded from prosecuting appellant for or convicting him of any offense alleged against him in the petition for adjudication in the juvenile court. Accordingly, prosecution as an adult was in violation of the former jeopardy explicit in art. 30(c). Appellant's initial ground of error is sustained."

We adopt both the reasoning and holding of the Court of Appeals, and accordingly its judgment is affirmed.

ONION, Presiding Judge, dissenting.

The appellant, convicted of murder and assessed life imprisonment by a jury, has played the game of courts and won. He has beaten the system.

The opinion of a panel of the San Antonio Court of Appeals reversing the conviction is left standing by today's majority. The

---

1. There is no question in this case that the same murder offense alleged in the indictment was the same offense alleged in the petition for adjudication of delinquency.

438

now 26-year-old appellant, who was 16 years old at the time of the alleged offense, cannot now be tried in any state court, adult or juvenile, for the 1974 murder of which the jury convicted him, the sufficiency of which evidence to sustain the conviction is not challenged by the appellant. After almost 10 years and proceedings involving six separate sets of appellate opinions, the appellant goes free because a statute, one of the oddities of the originally enacted Family Code, provided that *mere* allegation of an offense in a petition for adjudication for juvenile delinquency filed in juvenile court would bar forever prosecution as an adult in district court, even if there was no adjudication, conviction or other action in juvenile court.

Following his conviction in district court in 1978, appellant gave notice of appeal. On appeal the San Antonio Court of Appeals in a panel opinion reversed the conviction holding that the trial court erred in overruling appellant's pre-trial plea in bar of prosecution based on a statutory claim of former jeopardy (not involving former acquittal or conviction) under Article 30(c), V.A.P.C., as amended (Acts 1973, 63rd Leg., p. 1484, ch. 544, § 2, effective Sept. 1, 1973). *Miller v. State,* 640 S.W.2d 404 (Tex.App.—San Antonio 1982).

The Court of Appeals stated:

"We conclude, therefore, that the provisions of art. 30(c) controlled at the time of the trial of this cause and that under its terms the State was precluded from prosecuting appellant for or convicting him of any offense alleged against him in the petition for adjudication in the juvenile court. Accordingly, prosecution as an adult was in violation of the former jeopardy explicit in art. 30(c) ...."

At first blush the opinion of the Court of Appeals may seem well reasoned, but upon closer examination it is clear that the appellate court below reached an erroneous conclusion.

Article 30(c), relied upon by the Court of Appeals, was twice expressly repealed by the Legislature in 1975 and was not in effect at the time of appellant's 1978 trial, and could not have been in effect at the time of the alleged offense or original juvenile proceeding. Article 30(c) was in effect a procedural statute and was replaced by another procedural statute effective at the time of the trial. V.T.C.A., Penal Code, § 8.07(c), as amended 1975. Normally procedural statutes control from their effective date. The Court of Appeals, without reasoning, did not consider the 1975 legislative acts relevant to the instant cause. (See footnote #3 of Court of Appeals' opinion—*Miller v. State,* supra.) The court failed to explain how the appellant still had a vested right in a procedural statute repealed almost three years before trial.

The majority of this court, failing to recognize the shortcomings of the opinion, below, has warmly embraced and approved not only the result but the deficient reasoning of the Court of Appeals, without any additional reasoning or explanation. This is regrettable in view of the highly unusual result reached which will now undoubtedly spawn numerous post-conviction writs of habeas corpus.

I vigorously dissent to the majority's action, and will explain my reasons:

In reviewing what has occurred, it is important to consider the complex history of this case. An outline is helpful.

April 17, 1957—Appellant's date of birth.

April 8, 1974—Date of alleged murder offense.

April 19, 1974—Two days after appellant's 17th birthday. State filed petition with the juvenile court of Bexar County seeking a declaration that appellant was a delinquent child on the basis of the murder of Leonard Sella on or about April 8, 1974. Juvenile Court orders a complete diagnostic study, social evaluation and full investigation of appellant in order to determine whether or not criminal proceedings should be instituted against him.

April 22, 1974—Appellant filed motion in limine requesting court to set aside the order requiring a diagnostic study.

May 6, 1974—State's motion to transfer and certify appellant to district court for trial as an adult filed.

May 7, 1974—Appellant's motion requesting that he be questioned only in the presence of his attorney.

June 7, 1974—Hearing held to determine whether appellant would voluntarily comply with the court's order to submit himself to complete diagnostic study.

August 12, 1974—Transfer hearing held. Juvenile court entered order (1) waiving the jurisdiction of the juvenile court (2) certifying appellant for trial as an adult (3) transferring the case to a criminal district court of Bexar County.

May 30, 1975—Court of Civil Appeals vacates August 12, 1974 order of juvenile trial court for failure of trial court to obtain a diagnostic study of appellant and orders a transfer of appellant's case to a criminal district court since appellant had reached his 18th birthday during appeal. *R.E.M. v. State*, 532 S.W.2d 645 (Tex.Civ.App.—San Antonio 1975)

December 3, 1975—Court of Civil Appeals on rehearing rules that juvenile court has jurisdiction to determine whether appellant should be transferred to a criminal district court and modifies its prior order by remanding case to the juvenile court. *R.E.M. v. State*, 532 S.W.2d 645, 649–652 (Tex. Civ.App.—San Antonio 1975), reh. den., no writ.

March 18, 1976—Juvenile Court orders a new diagnostic study of appellant.

April 1, 1976—Second transfer hearing held. Juvenile Court orders transfer of case to a criminal district court of Bexar County.

June 30, 1976—Court of Civil Appeals reverses and remands judgment of trial court for reversible error in the admission of inadmissible evidence. *R.E.M. v. State*, 541 S.W.2d 841 (Tex. Civ.App.—San Antonio 1976), reh. den., ref., n.r.e.

March 4, 1977—State files motion to transfer and certify appellant for trial as an adult.

March 31, 1977—Third transfer hearing held. Juvenile Court certified and transferred appellant to the 187th District Court, Bexar County, to be tried as an adult for the offense of murder.

July 20, 1977—Appellant indicted for murder of Leonard Sella on or about April 8, 1974.

July 20, 1978—Court of Civil Appeals affirms the juvenile court's certification and transfer order. *R.E.M. v. State*, 569 S.W.2d 613 (Tex.Civ.App.—Waco 1978), reh.den., ref. n.r.e.

August 14, 1978—Hearing on appellant's pleas in bar of prosecution (former jeopardy) No. 1 and No. 2. Court overrules such pleas in bar.

August 15, 1978—Appellant files application for writ of habeas corpus in Cause No. 78–W–263 in 227th District Court alleging illegal restraint. Hearing conducted thereon. Evidence offered the same as on pleas in bar of prosecution plus exhibits. Relief denied after hearing. Notice of appeal given to Court of Criminal Appeals.

August 22, 1978—Jury trial begins on murder indictment in district court.

August 28, 1978—Jury verdict finding appellant guilty of murder returned.

August 29, 1978—Jury assesses punishment at life imprisonment.

October 5, 1978—Life sentence imposed. Notice of appeal given.

April 25, 1979—A panel of the Court of Criminal Appeals denies habeas corpus relief in appeal from ruling in Cause No. 78–W–263 in an unpublished opinion (Cause No. 59,344).

May 21, 1979—Appellate record of murder conviction filed in Court of Criminal Appeals as No. 61,614.

September 1, 1981—Cause No. 61,614 transferred to San Antonio Court of Appeals.

September 22, 1982—Murder conviction reversed by San Antonio Court of Appeals on September 22, 1982 and prose-

cution ordered dismissed. *Miller v. State*, 640 S.W.2d 404, 408 (Tex.App.—San Antonio 1982).

November 22, 1982—State's Petition for Discretionary Review filed in Court of Criminal Appeals—Cause No. 961–82.

As noted above, and following indictment, appellant Miller filed two pre-trial pleas in bar of prosecution based on former jeopardy. Both were overruled. In his initial ground of error appellant contended the trial court erred in overruling his plea based on Article 30(c), V.A.P.C. (1925), as amended in 1973, arguing the State was prohibited from subsequently prosecuting him for any offense merely alleged in an adjudication petition filed in juvenile court, pointing out that he had been indicted for the same murder offense which had been earlier alleged in the adjudication petition filed in juvenile court.[1] It was upon the basis of this contention the Court of Appeals reversed.

It is important to any review that the legislative background and history of the various statutes be considered and understood.

For many years the age of the accused at the time of the trial and not his age on the date of the alleged offense determined whether the accused was to be tried in juvenile or adult court. *Northern v. State*, 152 Tex.Cr.R. 569, 216 S.W.2d 192 (1948); *Perry v. State*, 171 Tex.Cr.R. 282, 350 S.W.2d 21 (1961).

"As a result, a juvenile accused of a heinous felony offense was often declared a juvenile delinquent on the basis of the same offense, some other offense growing out of the same transaction, a revocation of a previous juvenile probation, etc., and committed to the Texas Youth Council, and later brought to trial as an adult when he reached seventeen, eighteen or nineteen years of age, and had matured in appearance, etc." *White v. State*, 576 S.W.2d 843, 845 (Tex.Cr. App. 1979) (Concurring Opinion).

A new approach involving fairness was adopted in 1965 when the first discretionary transfer act was passed as an amendment to Article 2338–1, V.A.C.S. (Acts 1965, 59th Leg., p. 1256, ch. 577). See *White v. State*, supra; *Ex parte Menefee*, 561 S.W.2d 822 (Tex.Cr.App. 1977).

In 1967 Article 30, V.A.P.C. (1925) (Children Not Punishable), was amended as a part of another amendment to Article 2338–1, V.A.C.S., also providing for the discretionary certification of a juvenile for trial as an adult and transfer to a district court, with waiver of juvenile court jurisdiction.

This 1967 amendment to Article 30 provided in part:

"Sec. 3. No person *who has been adjudged a delinquent child* may be convicted of any offense alleged in the petition to adjudge him a delinquent child or any offense within the knowledge of the juvenile judge as evidenced by anything in the record of the juvenile proceeding." (Acts 1967, 60th Leg., p. 1086, ch. 475, § 7, eff. August 28, 1967.) (Emphasis supplied.)

In 1973 a new Penal Code was adopted (Acts 1973, 63rd Leg., p. 883, ch. 399, § 1, effective January 1, 1974) (passed by the Legislature on May 24, 1973). It repealed the 1925 Penal Code by express provisions (Acts 1973, 63rd Leg., p. 991, ch. 399, § 3), including said Article 30. Section 8.07 of the 1974 Penal Code replaced said Article 30 carrying forward the same standard of prior adjudication as barring adult prosecution.

V.T.C.A., Penal Code, § 8.07 (1974), read as follows:

"(a) Except as provided by Subsection (c) of this section, a person may not be prosecuted or convicted for any offense that he committed when younger than 15 years.

"(b) Except as provided by Subsection (c) of this section, a person who is younger than 17 years may not be prosecuted

---

1. There is no question in this case that the same murder offense alleged in the indictment was the same offense alleged in the petition for adjudication of delinquency.

or convicted for any offense, unless the juvenile court waives jurisdiction and certifies him for criminal prosecution.

"(c) Subsections (a) and (b) of this section shall not apply to prosecutions for:

"(1) aggravated perjury, when it appears by proof that the actor had sufficient discretion to understand the nature and obligation of an oath;

"(2) a violation of a penal statute cognizable under Chapter 302, Acts of the 55th Legislature, Regular Session, 1957, as amended; or

"(3) a violation of a motor traffic ordinance of an incorporated city or town.

"(d) No person *who has been adjudged a delinquent child* may be convicted of any offense alleged in the petition to adjudge him a delinquent child or any offense within the knowledge of the juvenile judge as evidenced by anything in the record of the juvenile proceeding.

"(e) No person may, in any case, be punished by death for an offense committed while he was younger than 17 years." (Emphasis supplied.)

In 1973 the same session of the Legislature enacted Title III of the Family Code (Acts 1973, 63rd Leg., p. 1460, ch. 544, effective September 1, 1973) (Passed May 25, 1973).[2] Section 2 of S.B. 111 adopting Title III of the Family Code contained a conforming amendment to Article 30, V.A. P.C. (1925). Said amendment read:

"Sec. 2. Article 30, Penal Code of Texas, 1925, as amended, is amended to read as follows:

"Art. 30. Children not Punishable

"(a) A person may not be prosecuted for or convicted for any offense that he committed when younger than 15 years of age, except:

"(1) perjury, when it appears by proof that he had sufficient discretion to understand the nature and obligation of an oath;

"(2) a violation of a penal statute cognizable under Chapter 302, Acts of the 55th Legislature, Regular Session, 1957, as amended (Article 802e, Vernon's Texas Penal Code); or

"(3) a violation of a motor vehicle traffic ordinance of an incorporated city or town in this state.

"(b) Unless the juvenile court waives jurisdiction and certifies the individual for criminal prosecution, a person may not be prosecuted for or convicted of any offense committed before reaching 17 years of age, except:

"(1) perjury, when it appears by proof that he had sufficient discretion to understand the nature and obligation of an oath;

"(2) a violation of a penal statute cognizable under Chapter 302, Acts of the 55th Legislature, Regular Session, 1957, as amended (Article 802e, Vernon's Texas Penal Code); or

"(3) a violation of a motor vehicle traffic ordinance of an incorporated city or town in this state.

"(c) A person *who has been alleged in a petition for an adjudication hearing* to have engaged in delinquent conduct or conduct indicating a need for supervision may not be prosecuted for or convicted of any offense alleged in the juvenile court petition or any offense within the knowledge of the juvenile court judge as evidenced by anything in the record of the juvenile court proceedings." (Emphasis supplied.)

Thus it can be seen that the 1967 amendment to Article 30 of the 1925 Penal Code barred prosecution of a juvenile as an adult if the child previously had been adjudicated as a delinquent for the same offense, or if the same offense had been brought to the attention of the juvenile court judge as evidenced by the records of the juvenile proceeding. This same standard was carried forward in § 8.07(d) of the 1974 Penal Code enacted by the 63rd Legislature in

2. S.B. 111 passed the Senate on May 11, 1973 by a viva voce vote; May 25, 1973, the Senate concurred in house amendments by a viva voce vote, passed house, with amendments, on May 24, 1973, by a non-record vote (Acts 1973, 63rd Leg., p. 1485, ch. 544).

1973 (effective January 1, 1974). However, at the same session of the Legislature in 1973 Title III of the Family Code was adopted with an accompanying amendment of Article 30 of the 1925 Penal Code. Such enactment became effective September 1, 1973. This amendment to said Article 30 provided a bar to prosecution of a juvenile as an adult if there had been a previous allegation in juvenile court of the same offense.[3]

There is no question that from September 1, 1973, through December 31, 1973, the controlling statute was Article 30 as amended by the 63rd Legislature. The question is whether on January 1, 1974, when the new Penal Code became effective, largely repealing the 1925 Penal Code including Article 30, which standard then prevailed—that set forth in § 8.07(d) of the 1974 Penal Code or that set forth in the 1973 Act adopting Title III of the Family Code and conforming an amendment to Article 30 of the former Penal Code thereto?

It is observed that after the conforming amendment of Article 30 in 1973 by the Family Code Act the article was published in the cumulative pocket part of Vernon's Annotated Penal Code, 1925, Vol. I, at p. 12, with the statement: "Text of article effective until January 1, 1974." This may well have been based on the fact that the 1974 Penal Code repealed the 1925 Code including Article 30 effective January 1, 1974.

Nevertheless, it is observed that V.T. C.A., Penal Code, § 1.05 (1974), provides:

"(a) The rule that a penal statute is to be strictly construed does not apply to this code. The provisions of this code shall be construed according to the fair import of their term, to promote justice and effect the objectives of the code.[4]

"(b) Unless a different construction is required by the context, Sections 2.01, 2.02, 2.04, 2.05 and 3.01 through 3.12 of the Code Construction Act (Article 5429b-2, Vernon's Texas Civil Statutes) apply to the construction of the code."[5]

Section 3.11(c) and (d) (Saving Provisions) of the Code Construction Act provides:

"(c) The repeal of a statute by a code does not affect an amendment, revision, or reenactment of the statute by the same legislature which enacted the code. The amendment, revision, or reenactment is preserved and given effect as part of the code provision which revised the statute so amended, revised or reenacted.

"(d) If any provision of a code conflicts with a statute enacted by the same legislature which enacted the code, the statute controls."

It is also observed that § 1.01 of the Code Construction Act provides:

"This Act provides rules *to aid in the construction of codes* (and amendments to them enacted pursuant to the state's continuing statutory revision program). *The rules* set out in this Act *are not intended to be exclusive* but are meant to describe and clarify common situations in order to guide the preparation and construction of the codes."

The Practice Commentary to V.T.C.A., Penal Code, § 8.07 (1974), concluded that in light of § 3.11(c) of the Code Construction

---

3. It is here observed that § 8.07(b) apepars to determine juvenile court jurisdiction by age at the time of trial which preserved prior law. *Dearing v. State*, 151 Tex.Cr.R. 6, 204 S.W.2d 983 (Tex.Cr.App. 1947). The Family Code amendment to Article 30(b) makes the age at the time of the offense control.

4. See V.T.C.A., Penal Code, § 1.02 (Objectives of Codes).

5. It is observed that the Code Construction Act (Article 5429b-2, V.A.C.S.) provides in part:

"Sec. 1.02. This Act applies to
"(1) each code enacted by the 60th or a subsequent Legislature as part of the state's continuing statutory revision program.
"(2) * * *"
Since this entire act applies to the 1974 Penal Code by its very terms, it is not clear what the Legislature intended by incorporating said § 1.05(b). Surely when read together the two statutes are not inconsistent and the entire Code Construction Act would apply to the 1974 Penal Code enacted by the 63rd Legislature.

Act the Family Code amendment to Article 30 controls over § 8.07.[6]

The San Antonio Court of Civil Appeals reached the same conclusion as the Practice Commentary in *R.E.M. v. State*, 532 S.W.2d 645, 650 (Tex.Civ.App. 1975) (Opinion on Rehearing).

If these interpretations were right, then Article 30 controlled over § 8.07, and was in effect at the time of the alleged murder and at the time of the filing in juvenile court of the petition for adjudication as a delinquent based on said murder.[7] However, in 1975 Article 30 was twice expressly repealed (Acts 1975, 64th Leg., p. 918, ch. 342, § 16, and Acts 1975, 64th Leg., p. 2159, ch. 693, § 26, eff. Sept. 1, 1975).

The latter enactment also amended V.T.C.A., Penal Code, § 8.07 to read:

"Sec. 8.07. Age Affecting Criminal Responsibility

"(a) A person may not be prosecuted for or convicted of any offense that he commited when younger than 15 years of age except:

"(1) perjury and aggravated perjury when it appears by proof that he had sufficient discretion to understand the nature and obligation of an oath;

"(2) a violation of a penal statute cognizable under Chapter 302, Acts of the 55th Legislature, Regular Session, 1957, as amended, except conduct which violates the laws of this state prohibiting driving while intoxicated or under the influence of intoxicating liquor (first or subsequent offense) or driving while under the influence of any narcotic drug or of any other drug to a degree which renders him incapable of safely driving a vehicle (first or subsequent offense); or

"(3) a violation of a motor vehicle traffic ordinance of an incorporated city or town in this state.

"(b) Unless the juvenile court waives jurisdiction and certifies the individual for criminal prosecution, a person may not be prosecuted for or convicted of any offense committed before reaching 17 years of age except:

"(1) perjury and aggravated perjury when it appears by proof that he had sufficient discretion to understand the nature and obligation of an oath;

"(2) a violation of a penal statute cognizable under Chapter 302, Acts of the 55th Legislature, Regular Session, 1957, as amended, except conduct which violates the laws of this state prohibiting driving while intoxicated or under the influence of intoxicating liquor (first or subsequent offense) or driving while under the influence of any narcotic drug or of any other drug to a degree which renders him incapable of safely driving a vehicle (first or subsequent offense); or

"(3) a violation of a motor vehicle traffic ordinance of an incorporated city or town in this state.

---

6. However, said § 3.11(c) provides a statute in position of said Article 30 is to be given effect as a part of the code, it does not provide that such statute controls. Perhaps the Commentary meant to include § 3.11(d) in its conclusion. Cf. § 3.05(a) and (b) of the Code Construction Act.

7. It is observed the State urges in its brief that in the enactment of Title III of the Family Code, which included the conforming amendment to Article 30 (Acts 1973, 63rd Leg., p. 1460, ch. 544, eff. Sept. 1, 1973), there was also included § 54.02(a)(2) and 54.02(g). The State argues that under § 54.02(a)(2) jeopardy attached when the juvenile court conducted an adjudication hearing, and that under § 54.02(g) jeopardy attached when the juvenile court decides to retain jurisdiction rather than certify and transfer the juvenile to district court. If read in conjunction with Article 30 of the same enactment, the State contends there would be three different points at which jeopardy would attach. The State would argue that if Article 30 was in effect after January 1, 1974, the three portions of the same enactment are in pari materia and should be harmonized and read together as follows:

"If the juvenile court retains jurisdiction and conducts an adjudication hearing, the child is not subject to criminal prosecution at any time for any offense alleged in the petition or for any offense within the knowledge of the juvenile court judge as evidenced by anything in the record of the proceedings."

Such a construction, the State urges, would not be in conflict with § 8.07 of the 1974 Penal Code. The State argues that it cannot be presumed that the Legislature intended an absurdity.

"(c) *Unless the juvenile court waives jurisdiction and certifies the individual for criminal prosecution, a person who has been alleged in a petition for an adjudication hearing to have engaged in delinquent conduct or conduct indicating a need for supervision may not be prosecuted for or convicted of any offense alleged in the juvenile court petition or any offense within the knowledge of the juvenile court judge as evidenced by anything in the record of the juvenile court proceedings.*

"(d) No person may, in any case, be punished by death for an offense committed while he was younger than 17 years." (Acts 1975, 64th Leg., p. 2158, ch. 693, § 24, eff. Sept. 1, 1975.) (Emphasis supplied.)

Thus on July 20, 1977 when the indictment was returned and on August 14, 1978 when the pre-trial pleas in bar of prosecution were heard, the standard set by said § 8.07(c) was in effect. Article 30 long since had been repealed. The Court of Appeals reversed on the basis of Article 30 and ordered the indictment dismissed. Neither the effect of repeal nor the nature of Article 30 was discussed.

In *R.E.M. v. State*, 541 S.W.2d 841, 844 (Tex.Civ.App.1976), the San Antonio Court of Civil Appeals wrote of Article 30 and the adjudication petition here involved:

"It is appellant's contention that the provision in the Penal Code had the effect of depriving the juvenile court of jurisdiction to transfer appellant to district court for trial as an adult, since such Penal Code provision precluded prosecution or conviction of appellant for the offense of murder alleged in the adjudication petition previously filed in juvenile court.

"Appellant's contention is without merit. *The Penal Code provision on which appellant relies did no more than to make available a plea in the nature of double jeopardy as a defense to a prosecution in criminal court. It does not deprive the juvenile court of jurisdiction to certify appellant for prosecu-*

*tion as an adult...*" See also *R.E.M. v. State*, 569 S.W.2d 613, 617 (Tex.Civ.App. Waco—1978). (Emphasis supplied.)

It is clear from Article 30 and § 8.07 that they are procedural devices and Article 30 has been so interpreted. Procedural statutes control litigation from their effective date. *Neal v. State*, 400 S.W.2d 550 (Tex. Cr.App. 1966); *Wilson v. State*, 473 S.W.2d 532 (Tex.Cr.App. 1971); *Granviel v. State*, 552 S.W.2d 107 (Tex.Cr.App. 1976); *Wade v. State*, 572 S.W.2d 533 (Tex.Cr.App. 1978). The Legislature may change procedure in pending proceedings, and statute changing procedure prima facie applies to pending proceedings. *Odenthal v. State*, 106 Tex.Cr.R. 1, 290 S.W. 743 (1927). Statutes dealing with remedy, as distinguished from right or cause of action, are to be applied to actions after their passage, even though right or cause of action arose prior thereto. *Villiers v. Republic Financial Services, Inc.*, 602 S.W.2d 566, ref. n.r.e. (Tex.Civ.App. Texarkana 1980). A litigant has no vested right in a procedural remedy. *Merchants Fast Motor Lines, Inc. v. Railroad Comm. of Texas*, 573 S.W.2d 502 (Tex.1978).

The Court of Appeals erred in holding that the repealed Article 30 controlled and that the trial court erred in overruling the plea in bar of prosecution. This cause should not be reversed. The majority is in grievous error. I dissent with all the vigor at my command.

TOM G. DAVIS, W.C. DAVIS, and MILLER, JJ., join this opinion.

OPINION ON STATE'S MOTION FOR REHEARING ON STATE'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Appellant was convicted of murder and sentenced to life imprisonment in the Texas Department of Corrections.

The San Antonio Court of Appeals reversed the conviction concluding that the trial court erred in overruling appellant's

pretrial plea in bar of prosecution based on a statutory claim of former jeopardy under TEX.PENAL CODE ANN., Art. 30(c) (Vernon Supp.1973) as amended (Acts 1973, 63rd Leg., p. 1484, ch. 544, Sec. 2, effective September 1, 1973). *Miller v. State,* 640 S.W.2d 404 (Tex.App.—San Antonio 1982). On original submission this Court affirmed the Court of Appeals' judgment.

Although the reasoning and holding of the Court of Appeals is correct, a brief review of their analysis is helpful here. On April 19, 1974, the State filed an original petition in the juvenile court alleging that appellant had engaged in delinquent conduct. The petition alleged, inter alia, that on April 8, 1974, appellant had "... intentionally and knowingly caused the death of Leonard G. Sella, by shooting the said Leonard G. Sella with a pistol...."

On May 6, 1974, the State filed a motion in the same cause seeking an order from the juvenile court certifying and transferring appellant to the district court for prosecution as an adult. After several attempts the certification and transfer was accomplished and an indictment was returned alleging the same offense as that alleged in the original petition for adjudication as a delinquent. Pursuant to that indictment appellant was tried and convicted of the offense in the instant case.

Appellant filed two pleas of former jeopardy in the trial court, both of which were overruled. Appellant contended on appeal that the trial court erred in overruling his plea of former jeopardy because, under the provisions of former TEX.PENAL CODE ANN., Art. 30(c) (Vernon Supp.1973), the State was prohibited from subsequently prosecuting him for any offense previously *alleged* in the adjudication petition filed in juvenile court. The Court of Appeals agreed and reversed appellant's conviction. The judgment of the Court of Appeals was based on the legislative history of several articles.

In 1967, 60th TEX.PENAL CODE ANN., Art. 30, Sec. 3 (Vernon 1925) was amended to read as follows:

*No person who has been adjudged a delinquent child* may be convicted of any offense alleged in the petition to adjudge him a delinquent child or any offense within the knowledge of the juvenile judge as evidenced by anything in the records of the juvenile proceeding. Acts 1967, 60th Leg., p. 1086, ch. 475, Sec. 7 (emphasis added).

In 1973, TEX.PENAL CODE ANN., Art. 30, Sec. 3 (Vernon 1925) was replaced by the conforming amendment to Penal Code, Art. 30(c) passed along with Title III of the Family Code. The conforming amendment to Penal Code, Art. 30 reads in part:

(c) A person *who has been alleged in a petition for an adjudication hearing* to have engaged in delinquent conduct or conduct indicating a need for supervision may not be prosecuted for or convicted of any offense alleged in the juvenile court petition or any offense within the knowledge of the juvenile court judge as evidenced by anything in the record of the juvenile court proceedings.

Acts 1973, 63 Leg., p. 1484, ch. 544, Sec. 2, effective September 1, 1973 (emphasis added).

During the same session of the Legislature a new Penal Code was enacted. Section 8.07(d) of the new Penal Code replaced Art. 30 and it reflects the language of Art. 30 as it read after the 1967 amendment. Section 8.07(d) reads:

No person *who has been adjudged a delinquent child* may be convicted of any offense alleged in the petition to adjudge him a delinquent child or any offense within the knowledge of the juvenile judge as evidenced by anything in the record of the juvenile proceedings. V.T.C.A., Penal Code, sec. 8.07(d) (Vernon 1974).

As the Court of Appeals correctly pointed out:

... there were three different double jeopardy standards regarding juveniles in the period between 1967 and January 1, 1974. The 1967 enactment barred prosecution of a juvenile as an adult if the child previously had been *adjudi-*

*cated* as a delinquent for the same misconduct,.... The 1973 Family Code Amendment to Art. 30 changed the law, to bar adult prosecution if there had merely been a previous *allegation* in juvenile court of the same misconduct. The same Legislature, in enacting Sec. 8.07 of the new Penal Code, then reverted to the 1967 standard of prior *adjudication* as barring adult prosecution.

*Miller,* supra, at 407.

■ Thus, an inconsistency existed between Art. 30(c), the conforming amendment, to the old Penal Code, and Sec. 8.07(d) of the new Penal Code. The issue in the instant case is which law controls.

The Court of Appeals based its determination that Art. 30 controls in the instant case on TEX.REV.CIV.STAT.ANN. Art. 5429b–2, Texas Code Construction Act, Sec. 3.11(c) which reads,

> The repeal of a statute by a code does not affect an amendment, revision, or reenactment of the statute by the same Legislature which enacted the code. The amendment, revision, or reenactment is preserved and given effect as part of the code provision which revised the statute so amended, revised or reenacted.

We believe that Sec. 3.11(d) of the Code Construction Act also supports the Court of Appeals' judgment. Sec. 3.11(d) reads:

> If any provision of a code conflicts with a statute enacted by the same Legislature which enacted the code, the statute controls.

Both rules of construction were implicated when the 63rd Legislature amended Art. 30 of the old Penal Code and also enacted a new Penal Code which omitted the amendment. In such a situation both rules suggest, as the Court of Appeals held, that the amendment to Art. 30 controls.

Further, the Practice Commentary to V.T.C.A., Penal Code, Sec. 8.07 (1974) also concluded that in light of Sec. 3.11(c) of the Code Construction Act the Family Code Amendment to Art. 30 controls over Sec. 8.07. The same conclusion was drawn by the San Antonio Court of Civil Appeals in

*R.E.M. v. State,* 532 S.W.2d 645 (Tex.Civ. App.1975) (opinion on rehearing).

We cannot agree, as the dissenting opinion on original submission suggests, that statutes which implicate such important matters as whether or not a person can be prosecuted in a particular case is purely procedural such that the state of the law at the time of trial controls.

■ After reviewing the State's contention on rehearing we conclude that our opinion on original submission was correct. We are constrained to so hold by the legislative problems arising in 1973 and discussed above. Accordingly, the State's Motion for Rehearing is denied.

ONION, P.J., and TOM. G. DAVIS and McCORMICK, JJ., dissent.

WHITE, J., not participating.