**Lonnie Jovan GRIEGO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–92–00559–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 1, 1993.

Rehearing Denied May 6, 1993.

William B. Connolly, Brian J. Fischer, Houston, for appellant.

John B. Holmes, Jr., Mary Lou Keel, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and MIRABAL and COHEN, JJ.

## OPINION

COHEN, Justice.

The trial judge found that appellant, a juvenile, engaged in delinquent conduct by committing aggravated sexual assault and aggravated kidnapping and committed appellant to the Texas Youth Commission with a determinate sentence of 20 years. We affirm.

Appellant and others kidnapped and raped a woman at gunpoint in Harris County. At the time, appellant was almost 16 years of age. The State filed a delinquency petition in Harris County. While this petition was pending, appellant committed two misdemeanors in Fort Bend County, attempted assault and possession of marijuana. The State filed a petition in Fort Bend County, alleging appellant had engaged in delinquent behavior by committing those crimes.

In the Fort Bend County disposition hearing, appellant offered into evidence his confession from the aggravated sexual assault/kidnapping case. The trial judge refused to admit or consider the evidence, and, granted a continuance of the disposition hearing at the State's request. Appellant states that no judgment of disposition has been rendered in the Fort Bend County case.

Later, appellant filed a plea in abatement and a motion to dismiss in the Harris County court, claiming the court lacked jurisdiction. He offered the statement of facts from the Fort Bend County adjudication and disposition hearings to prove that the Fort Bend County judge had knowledge of the Harris County case. That knowledge, appellant argued, barred the Harris County case, pursuant to TEX.PENAL CODE ANN. § 8.07(c) (Vernon Pamph.1993). The trial judge denied the motion to dismiss, which appellant claims was reversible error.

In his sole point of error, appellant claims the Harris County delinquency adjudication is void. Appellant argues section 8.07(c) prohibits his prosecution for the Harris County offenses because they were within the knowledge of the Fort Bend County judge in those juvenile proceedings.

Section 8.07(c) provides:

Unless a juvenile court waives jurisdiction and certifies the individual for criminal prosecution, a person who has been alleged in a petition for an adjudication hearing to have engaged in delinquent conduct or conduct indicating a need for supervision *may not be prosecuted for or convicted of* any offense alleged in the juvenile court petition or any offense within the knowledge of the juvenile court judge as evidenced by anything in the record of the juvenile court proceedings.

TEX.PENAL CODE ANN. § 8.07(c) (Vernon Pamph.1993) (emphasis added).

The question is whether the phrase "prosecuted for or convicted of," as used in section 8.07(c), includes an adjudication of delinquency in juvenile court, or refers only to the criminal trial of a certified juvenile in district court. If the former, then Harris County could not adjudicate appellant's delinquency for the aggravated sexual assault and kidnapping offenses because the Fort Bend County judge had knowledge of those offenses. Appellant contends the above quoted phrase refers to juvenile cases. We disagree.

■ "An order of adjudication or disposition in a [juvenile] proceeding is not a conviction of crime, and does not impose any civil disability ordinarily resulting from a conviction or operate to disqualify the child in any civil service application or appointment." TEX.FAM.CODE ANN. § 51.13 (Vernon 1986 & Pamph.1993). Instead, juvenile cases are civil in nature. *Robinson v. State*, 707 S.W.2d 47, 48–49 (Tex.Crim.App. 1986); *In re R.J.W.*, 770 S.W.2d 103, 105 (Tex.App.—Houston [1st Dist.] 1989, no writ). Thus, contrary to appellant's claim, adjudications of delinquency are not convictions.

■ The remaining question is whether an adjudication of delinquency is a "prosecution" under section 8.07(c). Appellant contends it is a prosecution because of

the potential for incarceration in the penitentiary under the determinate sentencing laws. Juvenile courts may render a sentence of up to 40 years. TEX.FAM.CODE ANN. § 54.04(d)(3) (Vernon Pamph.1993). A juvenile delinquent may be transferred to prison at age 18 to serve the remainder of the juvenile's sentence. *See* TEX.FAM. CODE ANN. §§ 53.045 and 54.04 (Vernon 1986 & Pamph.1993). Here, for instance, because appellant received a 20–year sentence, he will remain in the custody of the Texas Youth Commission until age 18, and then he might spend the majority of his sentence in the Texas Department of Criminal Justice. (TDCJ). Appellant gives several other examples of why a juvenile proceeding should be considered a "prosecution." The district attorney in a juvenile proceeding is defined as the "prosecuting attorney." TEX.FAM.CODE ANN. § 51.02(7) (Vernon 1986). The approval of the petition by the grand jury and its certificate is an indictment for the purposes of transfer to the TDCJ. TEX.FAM.CODE ANN. § 53.-045(d) (Vernon Pamph.1993). After the juvenile's eighteenth birthday, he can be placed with adult felons. TEX.FAM.CODE ANN. § 51.13(c)(3) (Vernon Pamph.1993). The juvenile's records may be placed in federal and state central records depositories, such as the Texas Crime Information Center and the National Crime Information Center. TEX.FAM.CODE ANN. § 51.14(c) (Vernon Pamph.1993). The adjudication can be treated the same as a prior conviction for the purposes of punishment enhancement at a future criminal proceeding. TEX.FAM.CODE ANN. § 51.14(e) (Vernon Pamph.1993); TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3(a) (Vernon 1987). And the child's fingerprints and photographs may be sent to the TDCJ. TEX.FAM.CODE ANN. § 51.15(a), (c) (Vernon Pamph.1993). Thus, appellant argues, a juvenile proceeding should be considered a prosecution. Again, we disagree.

The potential for penitentiary incarceration under the determinate sentencing laws does not render a juvenile proceeding a criminal prosecution for purposes of section 8.07(c). *In re S.C.,* 790 S.W.2d 766, 773 (Tex.App.—Austin 1990, writ denied). In *In re S.C.,* the juvenile, like appellant here, claimed that because he was subject to penitentiary time under a determinate sentence, he was prosecuted as a criminal in violation of section 8.07(c). *Id.* The Austin Court concluded that "section 54.-02(g) of the Family Code and section 8.07(c) of the Penal Code simply bar prosecutions *in addition* to appellant's juvenile adjudication with respect to the same alleged conduct, and therefore, these provisions have no bearing on the instant appeal." *Id.* at 774 (emphasis in original.) Thus, even considering the possibility a juvenile could receive a determinate sentence, juvenile proceedings are civil proceedings, quasi-criminal in nature, and not criminal proceedings within the scope of section 8.07(c). *Id.* at 773–74.

Moreover, in construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters the consequences of a particular construction. TEX.GOV'T. CODE ANN. § 311.023(5) (Vernon 1988). Here, appellant's interpretation of section 8.07(c) would lead to an illogical result. Every delinquency adjudication begins with the State filing a petition alleging delinquent conduct or conduct indicating a need for supervision. That petition gives the judge knowledge that the juvenile has allegedly committed an offense. If, as appellant urges, section 8.07(c) applies to juvenile proceedings, then the State would be barred from proceeding with the delinquency adjudication once the petition is filed because that adjudication would concern an offense within the knowledge of the juvenile court judge. Such a result could not be the intent of section 8.07(c).

Section 8.07(c) replaced Tex. Penal Code Article 30(c). (article 30(c)).[1] The only difference between the two statutes is the addition of an introductory sentence.[2]

---

1. Repealed, Acts 1975, 64th Leg., p. 918, ch. 342, § 16; Acts 1975, 64th Leg., p. 2159, ch. 693 § 26.

2. Section 8.07(c) appears as follows. The portion with emphasis added is Article 30(c):

Therefore, cases interpreting article 30(c) are significant.

 Under prior law in Texas, the accused's age at the time of trial, not at the time of the offense, determined whether the accused was to be tried as a juvenile or as an adult. *Miller v. State*, 708 S.W.2d 436, 440 (Tex.Crim.App.1984) (Onion, J., dissenting on orig. hearing). Consequently,

> [A] juvenile accused of a heinous felony offense was often declared a juvenile delinquent on the basis of the same offense, some other offense growing out of the same transaction, a revocation of a previous juvenile probation, etc., and committed to the Texas Youth Council, and later brought to trial as an adult when he reached seventeen, eighteen or nineteen years of age and had matured in appearance, etc.

*Id.* at 440 (quoting *White v. State*, 576 S.W.2d 843, 845 (Tex.Crim.App.1979) (Onion, J., concurring)). The purpose of article 30, therefore, was to bar prosecution of a juvenile as an adult if the State previously adjudicated the child as a delinquent for the same offense, or if the same offense had been brought to the attention of the juvenile court judge. *Id.* at 441. Thus, we conclude the purpose of section 8.07(c) is, likewise, to prevent the State from prosecuting a juvenile *as an adult* if the child previously has been adjudicated as a delinquent for the same misconduct, or if that misconduct was within the knowledge of the juvenile court judge. *Cf. Miller v. State*, 708 S.W.2d 436, 445–46 (Tex.Crim. App.1984) (op. on reh'g).

Here, the State did not criminally prosecute appellant as an adult for any conduct brought to the attention of any juvenile court. Instead, the State adjudicated appellant a delinquent in two different counties for wholly different instances of delinquent behavior. Thus, section 8.07(c) does

not apply here, and the Harris County delinquency adjudication is not void.

We overrule appellant's sole point of error.

We affirm the judgment.

---

Unless a juvenile court waives jurisdiction and certifies the individual for criminal prosecution, *a person who has been alleged in a petition for an adjudication hearing to have engaged in delinquent conduct or conduct indicating a need for supervision may not be* *prosecuted for or convicted of any offense alleged in the juvenile court petition or any offense within the knowledge of the juvenile court judge as evidenced by anything in the record of the juvenile court proceedings.*