

# COURT OF APPEALS
## EIGHTH DISTRICT OF TEXAS
## EL PASO, TEXAS

No. 08-24-00216-CR

Ex Parte Jazzy Nicole Lucero, Appellant

On Appeal from the 243rd District Court
El Paso County, Texas
Trial Court No. 20220D04337

## MEMORANDUM OPINION

Appellant Jazzy Lucero appeals the trial court's order denying her pretrial application for writ of habeas corpus.[1] Lucero asserts that two Texas statutes, which define 17 as an age affecting criminal responsibility, are unconstitutional on their face and as applied to her under the Eighth Amendment of the U.S. Constitution. *See* Tex. Fam. Code Ann. § 51.02(2); Tex. Penal Code Ann. § 8.07(b); U.S. Const. amend. VIII. Finding no error, we affirm.

---

[1] *See* Tex. Code Crim. Proc. Ann. art. 11.08.

# I. BACKGROUND

On October 13, 2022, an El Paso County grand jury returned an indictment charging Lucero with five counts of the first-degree felony offense of injury to a child.[2] Lucero was 17 years old at the time of the alleged offenses.

On September 1, 2023, Lucero filed a second-amended pretrial application for writ of habeas corpus, asserting that § 51.02(2) of the Texas Family Code and § 8.07(b) of the Texas Penal Code are unconstitutional on their face and as applied to Lucero.[3] The trial court held a hearing on the application, at which it heard arguments from both parties.[4]

At the conclusion of the hearing, the trial court denied Lucero's application for habeas relief. Lucero appealed.

# II. DISCUSSION

In her sole issue, Lucero argues that the trial court erred in denying her application for writ of habeas corpus, because § 51.02(2) of the Texas Family Code and § 8.07(b) of the Texas Penal Code are unconstitutional under the Eighth Amendment, both on their face and as applied to her.

## A. Standard of review and applicable law

We review for an abuse of discretion a trial court's ruling on a pretrial application for habeas relief. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). The trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to guiding rules

---

[2] *See* Tex. Penal Code Ann. § 22.04(a)(1), (a)(2).

[3] Lucero filed her original "Motion/Application for Writ of Habeas Corpus Texas Family Code § 51.02(2) & Texas Penal Code § 8.07(b) Are Facially Unconstitutional and Unconstitutional as Applied" on March 15, 2023, and she filed her amended application on March 17, 2023.

[4] There were technically three hearings where the trial court took up the issue of the application for writ of habeas corpus. Those hearings took place on March 29, 2023, May 17, 2023, and September 13, 2023.

and principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (en banc). On review, we must give deference to the trial court's resolution of historical facts supported by the record, as well as to the application of law to fact questions that turn on credibility and demeanor. *Alford v. State*, 358 S.W.3d 647, 652 (Tex. Crim. App. 2012). However, when the resolution of any ultimate question turns on an application of legal principles, we review the trial court's ruling de novo. *Id.*

Article 11.08 of the Texas Code of Criminal Procedure allows an applicant indicted for a criminal offense, whose guilt has not been formally adjudicated, to challenge his confinement by pretrial writ application. *See* Tex. Code Crim. Proc. Ann. art. 11.08. An applicant for habeas corpus relief must prove his or her claim by a preponderance of the evidence. *State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013). "[T]he writ of habeas corpus is an extraordinary remedy that is available only in the absence of an adequate remedy at law." *Ex parte Beck*, 541 S.W.3d 846, 852 (Tex. Crim. App. 2017).

### B. Age of criminal responsibility

In 1973, the passage of Title 3 of the Family Code along with a conforming amendment to the Penal Code resulted in the creation of the juvenile justice system of Texas. *In re S.L.L.*, 906 S.W.2d 190, 192 (Tex. App.—Austin 1995, no writ) (citing Act of May 25, 1973, 63rd Leg., R.S., ch. 544, 1973 Tex. Gen. Laws 1460 (codified at Tex. Fam. Code Ann. §§ 51.01–56.02)); *Miller v. State*, 640 S.W.2d 404, 406 (Tex. App.—San Antonio 1982), *aff'd*, 708 S.W.2d 436 (Tex. Crim. App. 1984) (en banc). Adoption of the Juvenile Justice Act protected juvenile rights to the extent they were not otherwise protected by the U.S. and Texas Constitutions. *In re S.L.L.*, 906 S.W.2d at 192. In 1987, the Legislature added the determinate-sentencing provisions to the Family Code. *Id.*; *see also* Tex. Fam. Code Ann. §§ 53.045, 54.04, 54.11. By means of this sentencing scheme, Texas enacted "an alternative to the criminal justice system and adult

certification for those juveniles charged with violent delinquent conduct." *In re S.L.L.*, 906 S.W.2d at 192.

Pursuant to this juvenile system, the Family Code defines the term "child" as a person "ten years of age or older and *under* 17 years of age." Tex. Fam. Code Ann. § 51.02(2)(A) (emphasis added). Attendant with that provision, the Penal Code includes a carve-out provision, with multiple sub-parts, providing for minimal ages affecting criminal responsibility. *See* Tex. Penal Code Ann. § 8.07(a)–(e). Except for sub-parts not relevant here, § 8.07(a) provides that "[a] person may not be prosecuted for or convicted of any offense that the person committed when younger than 15 years of age[.]" *See* Tex. Penal Code Ann. § 8.07(a)(1)–(7). Moreover, for persons over 15, but younger than 17, § 8.07(b) provides the following:

> Unless the juvenile court waives jurisdiction under Section 54.02, Family Code, and certifies the individual for criminal prosecution or the juvenile court has previously waived jurisdiction under that section and certified the individual for criminal prosecution, a person may not be prosecuted for or convicted of any offense committed *before reaching 17 years of age* except an offense described by Subsections (a)(1)–(5).

Tex. Pen. Code Ann. § 8.07(b) (emphasis added). As for punishment, § 8.07(c) provides that "[n]o person may, in any case, be punished by death for an offense committed while the person was younger than 18 years." Tex. Penal Code Ann. § 8.07(c).

### C. Lucero's claims are not cognizable.

Lucero argues that the trial court erred in denying her application for writ of habeas corpus, because § 51.02(2) of the Texas Family Code and § 8.07(b) of the Texas Penal Code violate the Eighth Amendment, both on their face and as applied to her. This case, including its facts and arguments, are substantively the same as those presented in two cases our Court decided a little over a year ago. *See Ex parte Juarez*, No. 08-23-00159-CR, 2024 WL 1723155, at *1–2 (Tex. App.—El Paso Apr. 22, 2024, pet. ref'd) (mem. op., not designated for publication); *Ex parte*

*Rodriguez*, No. 08-23-00154-CR, 2024 WL 1723968, at \*1–2 (Tex. App.—El Paso Apr. 22, 2024, pet. ref'd) (mem. op., not designated for publication). In both *Juarez* and *Rodriguez,* the applicants also argued that the same statutory provisions violate the Eighth Amendment. *Juarez*, 2024 WL 1723155, at \*1, \*3; *Rodriguez*, 2024 WL 1723968, at \*1, \*3.

Like Rodriguez and Juarez, Lucero relies on a line of U.S. Supreme Court precedent to argue that the prosecution and punishment of a 17-year-old as an adult violates the Eighth Amendment. *Juarez*, 2024 WL 1723155, at \*4; *Rodriguez*, 2024 WL 1723968, at \*4. In *Rodriguez* and *Juarez*, we rejected the argument holding that the cases relied on by Juarez and Rodriguez dealt with sentencing schemes that imposed the death penalty or mandatory-life-without-parole but did not deal with statutes (like the two at issue here) that define adulthood or set an age affecting criminal culpability. *Juarez*, 2024 WL 1723155, at \*5; *Rodriguez*, 2024 WL 1723968, at \*4. Lucero does not raise any new arguments and we, again, reject them consistent with our prior decisions. *Juarez*, 2024 WL 1723155, at \*5; *Rodriguez*, 2024 WL 1723968, at \*4.

Lucero also argues, like Rodriguez and Juarez, that her as-applied challenge is cognizable on a pretrial writ of habeas corpus. *Juarez*, 2024 WL 1723155, at \*5; *Rodriguez*, 2024 WL 1723968, at \*5; *see also Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010) ("[W]hether a claim is even cognizable on pretrial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved."). Specifically, she argues that her as-applied challenge is cognizable since pretrial resolution of the issues would not require the development of facts; a ruling in her favor would result in her immediate release; and her rights would be undermined if they are not vindicated prior to trial. She also contends that having been locked up with "adult criminals" has deprived her of "opportunities for rehabilitation and [the] protections available in the juvenile system." In addition, Lucero maintains that given her cognitive and psychosocial

underdevelopment, trying her "as an adult is thus especially incompatible with the goals of punishment that factor into the Eighth Amendment analysis." Both Juarez and Rodriguez made largely similar arguments. *Juarez*, 2024 WL 1723155, at *5–7; *Rodriguez*, 2024 WL 1723968, at *5–6.

In both cases we noted that a pretrial habeas is not cognizable unless "the rights underlying a claim would be effectively undermined if not vindicated before trial." *Juarez*, 2024 WL 1723155, at *6; *Rodriguez*, 2024 WL 1723968, at *6. We then noted that "this limitation includes a constitutional challenge based an Eighth Amendment violation." *Juarez*, 2024 WL 1723155, at *6; *Rodriguez*, 2024 WL 1723968, at *6. Lucero provides no separate or distinct reason to depart from our prior decisions. Accordingly, we conclude here as well that Lucero's claim is not cognizable.

### III. CONCLUSION

We affirm the trial court's judgment denying habeas relief.

MARIA SALAS MENDOZA, Chief Justice

November 7, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

(Do Not Publish)

6